Commonwealth Appeal.

Argued January 16, 1968. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*George R. Specter,* Assistant Attorney General, with him *John R. Rezzolla, Jr.,* Chief Counsel, and *William*

*C. Sennett,* Attorney General, for Commonwealth of Pennsylvania, Department of Highways, appellant.

*Norman Snyder,* with him *Albert E. Smith,* and *Snyder & Snyder,* for appellee.

*Edmund B. Clark,* with him *S. Billingsley Hill,* attorneys, Department of Justice, and *Clyde O. Martz,* Assistant Attorney General, of the Washington, D. C. Bar, for United States of America, amicus curiae.

OPINION BY MR. JUSTICE COHEN, March 15, 1968:

We are required to determine on this appeal if damages are recoverable under the Eminent Domain Code when a condemnor has filed a declaration of taking, entered upon the property, commenced construction of the project causing injury to the subject property and thereafter the condemnation is declared invalid.

On May 11, 1965, the Commonwealth of Pennsylvania, acting through the Department of Highways, filed a declaration of taking condemning cemetery land owned by appellee, Interstate Cemetery Company, for the purpose of constructing a highway. Appellee filed preliminary objections to the taking, challenging the power and authority of the Commonwealth to condemn cemetery land for that purpose. The preliminary objections were dismissed by the court below and on appeal our Court reversed the lower court holding that the Act of April 5, 1849, P. L. 397, §1, 9 P.S. §8, prohibited the Commonwealth from condemning cemetery land for highway construction. *Interstate Cemetery Company Appeal,* 422 Pa. 594, 222 A. 2d 906 (1966). While the appeal on the preliminary objections was pending in our Court, a contractor entered upon the property and commenced operations for the construction of the highway. On November 18, 1966,

after our Court filed its opinion sustaining the preliminary objections and declaring the condemnation a nullity, appellee, in the same proceedings, petitioned the court below to assess damages as a result of the entry, relying upon §§406(e) and 408 of the Eminent Domain Code as authority for the allowance of damages. The court below, in addition to ordering the revesting of title in the condemnee, entered a verdict in the amount of $95,684.92 for the damages incurred and the Commonwealth appealed.

The court below concluded that "the clear effect of the order of the Supreme Court of Pennsylvania in reversing this Court worked a revocation of the condemnation proceedings and brought the case within the purview of Section 408 of the Code. . . . We think that this section, under the circumstances here presented, must be read in connection with Section 406(e) which section, we hold, brings this case within the purview of the Eminent Domain Code and Section 408 provides the guidelines and limitations which we ought to follow in applying Section 406(e)." We disagree. Section 406 provides, inter alia: "(a) Within thirty days after being served with notice of condemnation, the condemnee may file preliminary objections to the declaration of taking. . . . Preliminary objections shall be limited to and shall be the exclusive method of challenging (1) the power or right of the condemnor to appropriate the condemned property unless the same has been previously adjudicated; (2) the sufficiency of the security; (3) any other procedure followed by the condemnor; or (4) the declaration of taking. Failure to raise these matters by preliminary objections shall constitute a waiver thereof. . . . (e) the court shall determine promptly all preliminary objections and make such preliminary and final orders and decrees as justice shall require, including the revesting of title. . . ."

Admittedly, pursuant to this section, a court is empowered to make "such preliminary and final orders and decrees as justice shall require, including the revesting of title." Appellee and the court below erroneously assumed that this provision clothed the court with authority to enter damage awards if preliminary objections contesting the validity of the condemnation proceedings were sustained. However, we interpret the phraseology, "orders and decrees as justice shall require" to modify and refer to the implementation of the preliminary objections properly before the court under 406(a). Here appellee successfully challenged the power or right of the condemnor (Commonwealth) to appropriate the condemned property, thus empowering the court under section 406(e) to make such orders and decrees necessary *only to implement* that determination. There is no authorization whatever under this section of the Eminent Domain Code for the courts to *separately* and *independently assess damages* as a result of injury caused to the property after the filing of the declaration of taking, notwithstanding a subsequent determination that the condemnor lacked the power to condemn in the first instance.[1] Since the

---

. [1] In order to determine what the legislature intended by the use of the language "such final orders and decrees as justice shall require" one must analyze §406(e) in connection with §406(a) wherein the legislature has enumerated the nature of the preliminary objections that may be raised by the condemnee. Under §406(a) the condemnee may preliminarily object to: (1) the power or right of the condemnor to condemn the property involved, (2) the sufficiency of the security, (3) the procedures followed by the condemnor and (4) the declaration of taking. Section 406(e) authorizes the court to make orders and decrees necessary only in furtherance of any determination rendered with respect to those enumerated preliminary objections, i.e., orders revesting title in the condemnee if the proceedings are declared a nullity, orders increasing the adequacy of the security posted by the condemnor, orders curing defects in the procedures followed by the condemnor

legislature has not expressly or impliedly authorized the courts under §406(e) to assess damages in addition to resolving the enumerated preliminary objections, we must conclude that the court below erred as a matter of law in holding that the instant case falls within the purview of the Eminent Domain Code.[2]

In addition, we feel compelled to comment on the applicability of §408 of the Eminent Domain Code which the court below relied upon in awarding damages to appellee. This section provides, inter alia: "The condemnor, by filing a declaration of relinquishment in court within one year from the filing of the declaration of taking, and before having made the payment provided for in section 407(a) or (b), or as to which the condemnee has not tendered possession of the condemned property as provided in section 407, may relinquish all or any part of the property condemned that it has not taken actual possession of for use in the improvement, whereupon title shall revest in the condemnee as of the date of the filing of the declaration of taking, . . . Where condemned property is relinquished, the condemnee shall be entitled to the damages sustained by him including costs, expenses and reasonable attorney's fees and such damages shall be assessed by the court, or the court may refer the matter to viewers to ascertain and assess the damages sus-

and orders relating to deficiencies in the declaration of taking. This section of the Eminent Domain Code in no way creates additional rights and liabilites between the condemnor and condemnee other than the condemnee's right to have its preliminary objections resolved.

[2] There is a proposed amendment to §406(e) pending before the General Assembly of Pennsylvania, which, if enacted, would permit a court to assess damages in accordance with §408 if preliminary objections are finally sustained, which have the effect of finally terminating the condemnation. However, until enacted, we cannot deviate from the present §406(e).

tained by the condemnee, whose award shall be subject to appeal as provided in this act. The condemnor and the condemnee, without the filing of a declaration of relinquishment provided herein, may by agreement effect a revesting of title in the condemnee." Act of June 22, 1964, 26 P.S. §1-408.

There are several reasons why §408 cannot possibly apply to these proceedings. Initially, in order for this section to become operative, the condemnor must *file* a declaration of relinquishment in court *within one year* from the date of the filing of the declaration of taking. Here no such declaration of relinquishment was filed and furthermore the one year limitation had long expired before the condemnation proceedings were declared a nullity by our Court. For these reasons alone the court below erred in relying upon §408 in assessing the amount and nature of the damages recoverable. Moreover, §408 was only intended to encompass cases wherein the condemnor *voluntarily relinquished* the condemnation proceedings. See Comment, Joint State Government Commission 1964 Report, 26 P.S. §1-408. The Commonwealth, in the instant case, never voluntarily relinquished the condemnation proceedings against appellee, but on the contrary was compelled to discontinue the proceedings as a result of its unsuccessful litigation with respect to appellee's preliminary objections to the taking.

While the effect of our decision here absolves the Commonwealth from liability under the Eminent Domain Code, appellee, nevertheless, may pursue other historical legal avenues in an effort to obtain redress for the injuries sustained to its property.[3] See *Oliver v. Pittsburgh V. & C. Ry. Co.*, 131 Pa. 408 (1890).

---

[3] Appellee admitted at argument that it has already instituted a separate cause of action in trespass against the contractor to recoup the damages caused the property. Another alternative meth-

Order awarding damages reversed. Order revesting title in the condemnee affirmed.

Mr. Chief Justice BELL took no part in the consideration or decision of this case.

---

od, as suggested by the Commonwealth in its brief, might be a suit against the Commonwealth under two acts of the legislature. Act of April 9, 1929, P. L. 343, §405, 72 P.S. §405, Act of April 9, 1929, P. L. 343, §1003, 72 P.S. §1003. See *Lowry v. Commonwealth*, 365 Pa. 474, 76 A. 2d 363 (1950). Moreover, as a result of our decision prohibiting the Commonwealth from condemning appellee's property, the federal government, under its power of eminent domain, has instituted proceedings in the federal court condemning the subject property. Appellee may recover for the damages sustained in the federal condemnation proceedings since at argument the United States Attorney who filed a brief amicus curiae on behalf of the federal government, indicated that in the before and after valuation of the condemned property, appellee would be compensated for the damages sustained as a result of the premature entry by the Commonwealth.