Stitt *v.* Consolidated Gas Supply Corporation.

Argued October 21, 1971, before President Judge BOWMAN, and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and ROGERS.

*Joseph M. Stanichak,* with him *W. N. Dinsmore,* for appellant.

*E. Earl Autenreith,* with him *Gretchen Sohn Reed* and *Panner, Holland and Autenreith,* for appellee.

OPINION BY JUDGE WILKINSON, December 6, 1971:

Stripped of all its collateral matter and the history of difficulties between appellant and appellee over the taking by eminent domain of a right-of-way for a 30-inch gas main across appellant's farm, the issue before us is a very narrow one. On September 12, 1968, a stipulation was executed by the parties hereto giving a metes and bounds description of the location of the right-of-way across appellant's farm. On September 10th, 11th, and the morning of the 12th, prior to signing the stipulation, the engineer of appellee placed stakes across appellant's farm showing the center line and the side boundaries of the right-of-way and connected them with engineers' ribbon. Appellant was with appellee's engineer much of the time the stakes were being located and viewed the completed marked right-of-way from a vantage point on the ground with his attorney, and told the representative of appellee everything was all right, characterized by the court below as "O.K." Later that afternoon the stipulation which had been prepared by appellee was signed by both parties in the belief that the description properly identified the right-of-way as marked by the stakes and ribbons. The right-of-way and the installed pipe are within the staked and ribboned area. However, in fact, the description was faulty in some areas, varying as much as 90 feet from the stakes. Over much of the right-of-way it was accurate. The stipulation was filed in the Prothonotary's office on September 30, 1968.

While the 30-inch gas line was being installed within the staked area, the appellant, with the cooperation

of appellee, had a new survey made to identify exactly where the pipe was buried. This revealed the errors in the stipulation description. On March 13, 1969, appellee filed a Petition for a Rule to Amend the Description to accurately show the right-of-way location.

It is appellant's position that to change the description constitutes a new taking of that land not included in the original description and, therefore, should be the basis of a new eminent domain proceeding. Stated another way, appellant claims that the original description in the stipulation inaccurately described the location of the stakes, but accurately described the condemned right-of-way. On this basis appellant asserts that the subsequent attempt to amend was merely a subterfuge to cover up a trespass.

The lower court permitted the amendment relying on *Peoples Natural Gas Company Appeal,* 399 Pa. 226, 160 A. 2d 391 (1960) as controlling. We affirm that decision.

*Peoples Natural Gas Company Appeal* is on all fours with the instant case on all controlling points. It was decided by a divided court with the late Justice MUS-MANNO speaking for the majority and the late Justice BOK writing the dissent, joined by Justice Benjamin R. JONES. All of the arguments and precedents pro and con are ably stated by these two fine draftsmen of legal opinions. If there is any difference in the facts in the two cases, the facts of the instant case present a stronger case for amendment. Both cases involved an error in the description of a location of stakes marking a right-of-way. In each case the pipe was laid within the staked area. However, in the instant case, the appellant actually approved the location of the stakes. This does not appear in the *Peoples* case.

The two points of view may be highlighted by two quotations from *Peoples.*

Justice MUSMANNO for the majority: "But all this assumes what is not true, namely, that two different pieces of land were intended to be condemned. It must be made quite clear at the threshold of discussion that the taking of only one strip of land was ever contemplated, that only one ditch was ever dug, that only one pipe line was ever laid over the Curry property, and that the Gas Company does not intend to lay any other pipe line over the Curry property. It must be equally emphasized that the one and only piece of land marked for condemnation was always the same terra firma marked out and staked on the property." 399 Pa. at 230, 160 A. 2d at 392.

Justice BOK for the dissent: "It is good-natured of the Majority to let the gas company undo its mistake, but it is wholly illegal. . . . The instant the bond is approved it becomes the equivalent of cash, the owner's right to compensation becomes vested and absolute according to the bond, and title to the land condemned actually passes to the condemnor (citing cases)." 399 Pa. at 237, 160 A. 2d at 396.

Justice MUSMANNO'S majority opinion is now the law of this Commonwealth, is controlling in the instant case, and dictates approval of the Amendment.

Accordingly, the decision of the court below is affirmed.

Judge MANDERINO dissents.