Commonwealth of Pennsylvania, Department of Transportation, Appellant, *v.* Epley Land Company, Appellee.

Argued November 6, 1974, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Mark S. Silver,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellant.

*George R. Specter,* with him *Louis Caplan, Philip Baskin* and *Baskin, Boreman, Wilner, Sachs, Gondelman & Craig,* for appellee.

OPINION BY JUDGE WILKINSON, December 5, 1974:

On August 24, 1970, appellant-condemnor filed a declaration of taking condemning certain property owned by appellee-condemnee. On February 24, 1972, the Allegheny County Court of Common Pleas sustained condemnee's preliminary objections as to jurisdiction and dismissed the declaration of taking. The Commonwealth did not appeal this order. Condemnee then presented a petition for deterimnation and award of damages pursuant to Sections 406 (e) and 408 of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P. L. 84, *as amended,* 26 P.S. §§1-406(e) and 1-408 (Supp. 1974-1975). Hearings were held and condemnee presented testimony as to damages. On November 16, 1973, the court below awarded damages to condemnee in the amount of $96,516.00. Of this amount, appellant-condemnor does not contest the $35,000.00 awarded for counsel fees or the $10,000.00 awarded for appraisal

fees. It is the remaining $51,516.00 that is in issue here.

The lower court found that condemnee had been contemplating the construction of improvements on the subject land but had put off the construction because of possible condemnations that one of condemnee's officers had learned of informally in 1966. On the basis of expert testimony presented at the hearing, the court found that the cost of this proposed construction would have been $343,734.00 on August 24, 1970, the date of the declaration of taking, and $395,250.00 on or about March 27, 1972, the last day on which appeal could have been taken to the February 24, 1972 order dismissing the declaration of taking. It is the difference in these two amounts, $51,516.00, which was awarded to condemnee and which appellant-condemnor now contests.

Section 406(e) of the Code provides that when a condemnee's preliminary objections are sustained, he shall be entitled to damages as if the condemnation had been revoked and shall proceed in accordance with Section 408. Section 408, as it read at the time of this condemnation, provided, in pertinent part: ". . . the condemnee shall be entitled to the *damages sustained by him* including costs, expenses and reasonable attorney's fees and such damages shall be assessed by the court, or the court may refer the matter to viewers to ascertain and assess the damages sustained by the condemnee, whose award shall be subject to appeal as provided in this act . . . ." (Emphasis added.)[1] The lower court found that had the improvements been constructed when title was revested in condemnee, they would have cost $51,516.00 more than if they had been

---

[1] Act of December 5, 1969, P. L. 316, §408, *amending* the Act of June 22, 1964, Special Sess., P. L. 84. Appellant contends that the 1971 amendment to Section 408, Act of December 29, 1971, P. L. 635, should apply here. Since this issue is not determinative of this suit, we need not reach a decision on it.

constructed at the date of the condemnation, and concluded that this was a type of damage contemplated by Section 408. We disagree.

Historically it has been the law that there is no constitutional right in an owner to recover losses and expenses occasioned by the discontinuance of a condemnation proceeding. Therefore, any right to recover damages must be conferred by statute. The law, both statutory and case, as it has developed, has only allowed recovery for losses actually sustained by the property owner. These have included attorney's fees, appraisal fees, engineering fees and witness fees as well as direct physical injuries to the property caused by the condemnor. *See generally* Snitzer, Eminent Domain §408-4 (1965), and 6 Nichols, Eminent Domain §26.45 (3d ed. rev. 1972).

The loss claimed for here is of a purely speculative nature. No contract to construct the proposed improvements was entered into and condemnees have sustained no actual loss.

The cases cited by the court below are not applicable to this proceeding. *Sansom Street. Caplan's Appeal,* 293 Pa. 483, 143 A. 134 (1928), was decided on the issue of whether or not there had been a de facto taking and did not involve recoverable damages where a condemnation proceeding had been terminated. *Reinbold v. Commonwealth,* 319 Pa. 33, 179 A. 571 (1935), and *Philadelphia Appeal,* 364 Pa. 71, 70 A. 2d 847 (1950), involved the questions as to when or whether a condemning authority could voluntarily terminate condemnation proceedings and when the condemnee's right to compensation vests in relation to a voluntary termination by the condemnor. These questions are now resolved by Section 408. *Reinbold, supra,* and *Philadelphia Appeal, supra,* in no way stand for the proposition that speculative damages of the type sought here are recoverable.

Appellee- condemnee relies heavily on the case of *Commonwealth Appeal*, 429 Pa. 254, 239 A. 2d 343 (1968). In that case, the Commonwealth had condemned land and then entered upon the land and begun construction. Condemnee filed preliminary objections to the taking which were sustained and then sought compensation for the damages to the land caused by the construction. In reversing the award for damages, the Supreme Court noted that although such damages were not then compensable under the existing Section 406 (e), a pending amendment (which was later enacted as the present Section 406 (e) and which governs this appeal) would permit a court to assess damages in accordance with Section 408. 429 Pa. at 258 n.2, 239 A. 2d at 345. However, while they did not reach the issue of what type of damages were recoverable, the court was clearly referring to damages caused by the affirmative acts upon or to the condemnee's land by the condemnor—the type of damages being sought in that case. 429 Pa. at 259-60 and n.3, 239 A.2d at 346.

Appellee has cited us to no case, nor has our research revealed any case which would support the proposition that the increase in construction costs of a proposed improvement is recoverable for the period during which title was held by the condemnor under a nullified declaration of taking.

The motion to quash the appeal is dismissed and the order of the Allegheny County Court of Common Pleas, dated November 16, 1973, is affirmed as to the $35,000.00 attorney's fees and the $10,000.00 appraisal fees but reversed as to the $51,516.00 inflation in construction costs and the record is remanded to the court below with directions to enter judgment for appellees in accordance with this opinion.

CONCURRING OPINION BY JUDGE ROGERS:

While I concur in the result here reached, I believe we should leave no doubt that damages for an increase in construction costs may, in proper circumstances, be awarded pursuant to Section 408 of the Eminent Domain Code. If a condemnee has made plans for improvements to his property prior to condemnation and if, after relinquishment, he proceeds with those plans, the increase in cost occasioned by the delay is, in my opinion, compensable.

The instant record shows that preliminary plans for improvements were prepared for the condemnee in 1966. They were put off as the result of the threat of condemnation. The property was condemned in August 1970 and relinquished in March 1972. The chairman of the board of the condemnee corporation testified in January of 1973 only that he would like to proceed with the improvements planned in 1966. If the testimony had been that the condemnee was committed to proceed with the improvements, Section 408, I believe, would authorize an award in the amount of the difference between the 1970 and 1972 costs.

Judge KRAMER joins in this opinion.