In the Matter of: Condemnation of Rights of Way and Easements Situate in the Township of North Huntingdon and the Township of Hempfield, etc. Anthony Brooks, Jr. et ux., Appellants *v.* The North Huntingdon Township Municipal Authority, Appellee.

In the Matter of: Condemnation of Rights of Way and Easements Situate in the Township of North Huntingdon and the Township of Hempfield, etc. Palmetto Home Builders, Inc., Appellant *v.* The North Huntingdon Township Municipal Authority, Appellee.

Argued May 10, 1979, before Judges WILKINSON, JR., BLATT and DiSALLE, sitting as a panel of three.

*William P. Bresnahan*, with him *Edward C. Milburn*, and *O'Donnell, Bresnahan, Caputo & Capristo*, for appellants.

*Donald J. Snyder, Jr.*, with him *Costello & Berk*, for appellee.

OPINION BY JUDGE WILKINSON, JR., July 3, 1979:

The facts in this appeal[1] are not in dispute. On August 13, 1976, pursuant to an earlier authorizing resolution, North Huntingdon Township Municipal Authority (Authority) filed a declaration of taking which condemned certain rights of way and easements on property belonging to appellants and others for the construction of a sanitary sewer system.

Sometime after the completion of construction the Authority discovered that some of the facilities installed had not been placed as indicated on the original right of way maps accompanying the declaration of taking. The Authority on August 15, 1978 sought to correct the discrepancies by filing a "Declaration of Relinquishment of Condemnation" seeking to revest in the affected condemnees the unoccupied rights of way taken in 1976 and an "Amended Declaration of Taking" which attempted to condemn the rights of way necessary to accommodate the already completed construction.

The Court of Common Pleas of Westmoreland County, sitting en banc, dismissed the appellants' preliminary objections to both of the Authority's petitions. We reverse.

For our discussion we start with the recognition that the Legislature intended to provide, in the Eminent Domain Code (Code),[2] "a complete and exclusive procedure and law to govern all condemnations of property for public purposes. . . ." Section 303 of the Code, 26 P.S. §1-303.

---

[1] By order of President Judge BOWMAN, dated January 5, 1979 the separate appeals of Anthony Brooks, Jr. and Janet S. Brooks, his wife, and Palmetto Home Builders, Inc. were consolidated.

[2] Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-101 et seq.

The disposition of the Authority's attempted relinquishment is governed by specific statutory language. Section 408 of the Code, 26 P.S. §1-408 unambiguously provides that "[t]he condemnor, by filing a declaration of relinquishment in court *within one year from the filing of the declaration of taking,* . . . may relinquish all or any part of the property condemned that it has not taken actual possession of for use in the improvement. . . ." (Emphasis added.) The common pleas court's ruling on the preliminary objections to the Authority's purported Declaration of Relinquishment of Condemnation was therefore erroneous; we reverse and sustain those preliminary objections.

In contrast to the Authority's tardy effort to relinquish, the Code offers no opportunity at all for the filing of an "Amended Declaration of Taking." The Authority, however, confidently argues that the mechanism to amend a declaration of taking exists independently of the Code.

Two cases are principally relied upon by the Authority to support this thesis. In the first, *Peoples Natural Gas Company Appeal,* 399 Pa. 226, 160 A.2d 391 (1960), the Supreme Court in a plurality opinion allowed the utility to amend the documentary description of the condemned premises accompanying its bond. The gas company's engineer surveyed the subject property and marked off the right of way by driving wooden stakes into the ground at regular intervals. It was after completion of this phase of his task, while drawing up a description of the line for condemnation purposes, that an error was made resulting in an inaccurate paper representation. The pipeline was laid throughout its length within the marked off boundaries on the surface of the land.

The Court emphasized the mutual understanding of the parties as to where the proposed pipeline would

be placed and sustained the amendment to the documents to accurately reflect what had all along been the intention of the parties. The case is distinguishable on two grounds. In terms of the law applicable to the case, the Supreme Court's decision was not governed by the Code passed some four years later. More importantly it is factually distinguishable by the mutual awareness of the parties involved, a situation not presented by the facts of the instant case.

The Authority also relies upon this Court's decision in *Stitt v. Consolidated Gas Supply Corp.,* 3 Pa. Commonwealth Ct. 482, 284 A.2d 313 (1971), factually very much similar to the earlier Supreme Court case. The discrepancy in *Stitt, supra,* existed between a stipulation of the parties giving by metes and bounds a description of a right of way located on appellant's farm with its actual physical location. In this case also, the right of way had been marked off by stakes and located wholly within those boundaries.

*Stitt, supra,* is likewise factually distinguishable, even more so than *Peoples Natural Gas Company Appeal, supra.* The mutual understanding and participation of the parties extended not only to the visually discernible extent of the project but to the inaccurate stipulation thereof. The Code strongly endorses mutual efforts of condemnor and condemnee to eliminate or minimize any problems which arise during condemnation. *See, e.g.,* Sections 501 and 520 of the Code, 26 P.S. §§1-501 and 1-520. Again we emphasize that the instant case did not involve such cooperation.

Accordingly, we will enter the following

### ORDER

AND Now, July 3, 1979, the order of the Court of Common Pleas en banc of Westmoreland County at No. 2525 of 1976, dated October 27, 1978 is hereby reversed and the four preliminary objections filed by

appellants, Anthony Brooks, Jr. and Janet S. Brooks, his wife, and Palmetto Home Builders, Inc., are sustained.