Appeal of Victory Glass, Inc., a Pennsylvania Corporation, From the Just Compensation Due Petitioner Arising From the de Facto Condemnation of Its Properties Situate in the Township of Hempfield, County of Westmoreland and Commonwealth of Pennsylvania. Victory Glass, Inc., Appellant.

Submitted on briefs May 7, 1981, before Judges MENCER, MACPHAIL and PALLADINO, sitting as a panel of three.

*Leonard M. Mendelson, Hollinshead and Mendelson,* for appellant.

*H. Nevin Wollam,* for appellee.

OPINION BY JUDGE MACPHAIL, August 10, 1981:

This is an appeal by Victory Glass, Inc. (Condemnee) from an order of the Court of Common Pleas of Westmoreland County dismissing its preliminary objections to the declaration of relinquishment filed by the Hempfield Township Municipal Authority (Condemnor).

On November 10, 1976, the Condemnor filed a declaration of taking in the Court of Common Pleas of Westmoreland County whereby it condemned a right-of-way or easement in, under, and across the property of condemnee for the installation of sewer lines, manholes and other facilities. On March 7, 1978, the Condemnor filed a declaration of relinquishment with the court below purporting to revest absolute title in the Condemnee to the right-of-way or easement condemned in its original declaration of taking filed November 10, 1976.

On April 6, 1978, the Condemnee filed preliminary objections to the Condemnor's declaration of relinquishment, asserting therein that the declaration of relinquishment was "invalid, contrary to law, and of no force and effect" for two reasons: 1) the declaration of relinquishment was filed more than one year from the filing of the declaration of taking, contrary to Section 408 of the Eminent Domain Code (Code),[1] and 2) the declaration of relinquishment was filed after the Condemnor had taken actual possession of the condemned property, also contrary to Section 408 of the Code.

On June 4, 1980, after a hearing the lower court dismissed both preliminary objections. The lower court reasoned that even though the declaration of relin-

---

[1] Act of June 22, 1964, P.L. 84, *as amended,* 26 P.S. §1-408.

quishment in fact was filed more than one year after the declaration of taking was filed, since the Condemnor had not yet "taken possession of, occupied, entered upon or used" the property of the Condemnee, the declaration of relinquishment was valid and the preliminary objections were without merit.

On appeal, Condemnee does not contest the lower court's finding that Condemnor had not yet "taken possession of, occupied, entered upon, or used" Condemnee's property. Condemnee's argument is confined to the single issue of whether or not the tardy filing of the declaration of relinquishment in and of itself renders the declaration of relinquishment invalid, under Section 408 of the Code.

Section 408 of the Code provides in relevant part as follows:

> The condemnor, by filing a declaration of relinquishment in court within one year from the filing of the declaration of taking, and before having made the payment provided for in Section 407(a) or (b), or as to which the condemnee has not tendered possession of the condemned property as provided in Section 407, may relinquish all or any part of the property condemned that it has not taken actual possession of for use in the improvement, whereupon title shall revest in the condemnee as of the date of the filing of the declaration of taking....

The language of Section 408 of the Code, which controls the disposition of Condemnor's attempted declaration of relinquishment, recently was construed by this Court. In *Brooks v. North Huntingdon Township Municipal Authority*, 44 Pa. Commonwealth Ct. 29, 404 A.2d 430 (1979), the municipal authority condemned certain rights-of-way and easements by a declaration of taking for the construction of a sanitary

sewer system. It was discovered after the completion of construction that some of the facilities were not placed as indicated on the original right-of-way maps. The condemnor authority sought to correct the discrepancies by filing, more than one year after the declaration of taking was filed: 1) a declaration of relinquishment, seeking to revest in the condemnee the unoccupied rights-of-way taken, and 2) an "Amended Declaration of Taking," in order to condemn the rights-of-way necessary for the already completed construction.

In *Brooks* the Court considered the validity of the declaration of relinquishment and the amended declaration of taking as separate issues. The fact that the condemnor in *Brooks* filed an "Amended Declaration of Taking" (held impermissible) did not have a bearing on the validity of the declaration of relinquishment, under Section 408 of the Code; thus that additional fact in *Brooks* does not change the application of Section 408 to the case before us. Both in *Brooks* and in the case at bar, the condemnor municipal authority had not yet taken possession of the condemned property which was the subject of the declaration of relinquishment, but had failed to file the declaration of relinquishment within one year of the filing of the declaration of taking.

This Court held in *Brooks* that the lower court's dismissal of the condemnees' preliminary objections to the declaration of relinquishment was erroneous, *i.e.*, that the declaration of relinquishment was invalid, because

Section 408 of the Code, 26 P.S. §1-408 unambiguously provides that '[t]he condemnor, by filing a declaration of relinquishment in court *within one year from the filing of the declaration of taking* … may relinquish all or any part of the property condemned that it has not

taken actual possession of for use in the im-
provement....' (Emphasis in original.)
*Id.* at 32, 404 A.2d at 431.

As in *Brooks*, the Condemnor here failed to meet
the first of the two requirements under Section 408 of
the Code, which must be met concurrently before a
declaration of relinquishment can be held valid.[2] The
Condemnor's simple failure to comply with the
threshold filing deadline of Section 408 of the Code
compels us to hold its declaration of relinquishment in-
valid, and thus its declaration of taking is still in ef-
fect.[3] Therefore, we reverse the lower court and sus-
tain the first of Condemnee's preliminary objections.

ORDER

AND Now, this 10th day of August, 1981, the order
of the Court of Common Pleas of Westmoreland
County, dated June 4, 1980, is hereby reversed, and
the case is remanded to the trial court to order that
the declaration of relinquishment filed by Hempfield
Township Municipal Authority be stricken.

---

[2] The comment of the Joint State Government Commission in
its 1964 Report supports our construction of 26 P.S. §1-408:

It is intended by this section [26 P.S. §1-408] to
clarify existing law by specifically authorizing condemnors
to discontinue or abandon the condemnation by filing in
court a declaration of relinquishment within one year from
the date the property was condemned and before posses-
sion of the property or the part to be relinquished was
tendered or payment made on account thereof. *Otherwise
the condemnor may not discontinue or abandon the pro-
ceeding.* (Emphasis added.)

26 P.S. §1-408, Comment, JOINT STATE GOV'T COMM'N
(Supp. 1981-82).

[3] Had the Condemnee wished to be revested with title to the
condemned property, the Condemnee and Condemnor by agree-
ment could have effected a revesting of title under Section 408 of
the Code.