549 A.2d 249

In Re: Condemnation of Lands in The Second Ward of The City of Scranton by The Sewer Authority of The City of Scranton, Pennsylvania, Consisting of .6 Acres of Land for Access Road Easement for Riebe Construction Company. Scranton Sewer Authority, Appellant.

*Arthur J. Rinaldi, Rinaldi & Rinaldi,* for appellant.

*Peter J. Comerota,* for appellee.

*OPINION BY SENIOR JUDGE KALISH*, October 20, 1988:

This is an appeal from an order of the Court of Common Pleas of Lackawanna County, striking condemnor's petition to discontinue the condemnation proceeding. We affirm.

On July 17, 1985, condemnor, Scranton Sewer Authority, filed a Declaration of Taking condemning a certain parcel of property owned by condemnee, Riebe Construction Company. The purpose of said condemnation was to provide for ingress and egress in order to repair and maintain the Sewer Authority's regulators.

On October 23, 1987, more than two years after the Declaration of Taking, the condemnor filed a Declaration of Relinquishment of this taking. The condemnee filed preliminary objections. The court ruled, and the parties agreed, that since the Declaration of Relinquishment was filed more than two years after the taking, which is contrary to the one year provision in section 408 of the Eminent Domain Code (Code),[1] the Declaration of Relinquishment was invalid.

The condemnor moved to discontinue the condemnation proceedings on the theory that this administrative proceeding was not subject to judicial review in the absence of bad faith, capriciousness, or an abuse of power. Indeed, over the years, there developed no uniformity in the method of reverting title to the condemnee, although it was generally recognized that in land planning there was a need, at times, of "backing out" of a project. Some courts have held that a condemnation would be abandoned depending on the time between the filing of the Declaration of Taking and the abandonment. Other courts have held that it can be discontinued at any time prior to final judgment, while

---

[1] Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S.§1-408.

still others have held that it can be discontinued at any time, so long as no action, such as payment, has been made. Comment to Section 408 of the Code; *see also, Westrick v. Approval of Bond of The Peoples Natural Gas Co.,* 103 Pa. Commonwealth Ct. 578, 520 A.2d 963 (1987).

In section 408 of the Code, 26 P.S. §1-408, our legislature intended to resolve this multitude of rules and required the condemnor to conform to the requirement of the Code. The comment to section 408 of the Code states:

> It is intended by this section to clarify existing law by specifically authorizing condemnors to discontinue or abandon the condemnation by filing in court a declaration of relinquishment within one year from the date the property was condemned and before possession of the property or the part to be relinquished was tendered or payment made on account thereof. Otherwise, the condemnor may not discontinue or abandon the proceeding.

Accordingly, we affirm.

ORDER

Now, October 20, 1988, the order of the Court of Common Pleas of Lackawanna County, No. 85 Civil 3297, is affirmed.

Judge MACPHAIL did not participate in the decision in this case.