**William ALEXANDER and Pauline Alexander, Appellants,**

v.

**SNOW SHOE TOWNSHIP, Snow Shoe Township Municipal Authority, and Clarence Water Company.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 14, 2000.
Decided May 17, 2002.

**810**

John R. Carfley, Philipsburgh, for appellants.

Joseph P. Green, Bellefonte, for appellees.

BEFORE: DOYLE, Senior Judge,[1] and McGINLEY, Judge, and NARICK, Senior Judge.

OPINION BY Senior Judge DOYLE.

William and Pauline Alexander appeal from an order of the Court of Common Pleas of Centre County, which sustained the preliminary objections of Snow Shoe Township Municipal Authority (Authority) and Clarence Water Company (collectively, Appellees) and dismissed the Alexanders' complaint with prejudice.[2]

The Alexanders' complaint, filed on November 25, 1998, alleged the following. On or about May 29, 1991, Appellees and Snow Shoe Township filed a declaration of taking hoping to acquire rights in certain real property owned by the Alexanders. The Alexanders sought legal advice and retained counsel. No activity occurred in this matter for over two years, and the Alexanders filed a petition in Common Pleas Court for a dismissal of the case and for a declaration of relinquishment, which relief was granted by Common Pleas on

---

1. This case was reassigned to the opinion writer on January 16, 2001, prior to the date when President Judge Doyle assumed the status of senior judge on January 1, 2002.

2. According to Appellees' brief, the Alexanders discontinued litigation against the township on February 18, 1999. (Appellees' Brief at 3).

May 20, 1998.[3] The Snow Shoe Township Municipal Authority [4] then filed a declaration of relinquishment in July of 1998, and the Alexanders, pursuant to Section 408 of the Eminent Domain Code (Code),[5] 26 P.S. § 1–408, requested judgment in their favor in the amount of $30,000.00 for attorney's fees and costs incurred in the course of the litigation. (Complaint, count I, paras. 5, 6, & 8–12). Section 408 of the Code provides, in pertinent part, as follows:

> The condemnor, by filing a declaration of relinquishment in court **within one year** from the filing of the declaration of taking ... may relinquish all or any part of the property condemned.... **Where condemned property is relinquished,** the condemnee **shall be reimbursed** by the condemnor for reasonable appraisal, attorney and engineering fees and other costs and expenses actually incurred because of the condemnation proceedings.... The condemnor and the condemnee, without the filing of a declaration of relinquishment as provided herein, may by agreement effect a revesting of title in the condemnee, which agreement shall be properly recorded.

26 P.S. § 1–408 (emphasis added). In count II of their complaint, the Alexanders further asserted a claim for punitive damages. (Complaint, paras.14–15).

Thereafter, Appellees filed preliminary objections in the nature of a demurrer to the Alexanders' complaint, asserting that the Alexanders could pursue a remedy, if any, exclusively under Section 408 of the Code, and that, as such, no legal grounds existed that would properly support their civil action. (Preliminary Objections, paras. A(1)-(3)). Appellees also demurred to the Alexanders' complaint based on the inapplicability of Section 408 of the Code where relinquishment was undertaken more than one year after the filing of a declaration of taking. (Preliminary Objections, paras. B(1)-(2)).[6] In essence, the preliminary objections expressed the legal theory that, had the municipal authority filed its declaration of relinquishment within one year of the filing of the declaration of taking, it would have had a duty pursuant to Section 408 to reimburse the Alexanders with certain fees incurred because of the condemnation proceedings, but, because the Authority did not file its declaration of relinquishment within the one-year period, it had no duty under Section 408 to reimburse the Alexanders.

On May 20, 1999, Common Pleas sustained Appellees' first three preliminary objections relating to the Alexanders' rem-

---

**3.** The Common Pleas order provided as follows:

> [P]etitioner's request for Non Prosequitur is hereby granted and the action filed to the above term and number is dismissed without prejudice to either party.
> The condemnor in this proceeding is further directed to relinquish the condemned property and revoke the condemnation proceeding by filing a declaration of relinquishment ... pursuant to the applicable provisions of the Eminent Domain Code.

(Common Pleas Order, May 20, 1998).

**4.** According to Appellees' brief, Snow Shoe Township Municipal Authority operated the water system, which had been purchased

from an entity known as Clarence Water Company. (*See* Appellees' Brief at 3).

**5.** Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §§ 1–101–1–903.

**6.** Appellees also filed preliminary objections to the Alexanders' complaint based on the Alexanders' failure to state a cause of action with regard to punitive damages, failure to state a cause of action with regard to Clarence Water Company, failure to file a sufficiently specific complaint, inclusion of impertinent and clearly erroneous matter, failure to state a cause of action for loss of use, and failure to attach written documentation. (Preliminary Objections, paras. (C)-(H)).

edy, if any, under Section 408 of the Code and the Alexanders' punitive damages claim.[7] Common Pleas also dismissed the Alexanders' complaint and determined that Appellees' remaining preliminary objections were moot. In reaching its decision that, under the facts and circumstances of this case, Section 408 of the Code does not afford condemnees **any** remedy to recover attorney's fees, costs and expenses, Common Pleas explained:

> The plain language of Section 408 of the Eminent Domain Code indicates the provision only applies when the condemnor has filed a declaration of relinquishment within one year of the filing of the declaration of taking. Instantly, it is clear the time period between the filing of the declaration of relinquishment and the filing of the declaration of taking exceeds the one (1) year time constraint.
>
> Pursuant to the standard established in *220 Partnership*,[8] recovery under Section 408 of the Eminent Domain Code is not possible as a matter of law. Consequently, Count I of Plaintiffs' Complaint is dismissed with respect to Municipal Authority and Water Company.

(Common Pleas Opinion, May 20, 1999, at 4–5) (footnote added).

Because the Alexanders have appealed to this Court for redress, we must now consider the claim that they are entitled to attorney's fees, costs and expenses pursuant to Section 408 of the Code.

 We begin by confronting the procedural conundrum presently before us, created when Common Pleas, by its order of May 20, 1998, *directed* the Authority to file a declaration of relinquishment with the Centre County Prothonotary, even though such declaration would obviously be filed seven years or more after the filing of the Authority's declaration of taking. Pursuant to relevant case law, where a condemnor does not file a declaration of relinquishment within one year from its filing of a declaration of taking, the declaration of relinquishment is technically invalid and the declaration of taking is still effective. *Appeal of Scranton Sewer Authority*, 120 Pa.Cmwlth. 525, 549 A.2d 249 (1988); *Appeal of Victory Glass, Inc.*, 61 Pa.Cmwlth. 72, 433 A.2d 581 (1981). In this regard, the Comment of the Joint State Government Commission to Section 408 of the Code is relevant to our analysis today:

> It is intended by this section to clarify existing law by specifically authorizing **condemnors to discontinue or abandon the condemnation by filing** in court **a declaration of relinquishment within one year from the date the property was condemned** and before possession of the property or the part to be relinquished was tendered or payment made on account thereof. ***Otherwise the condemnor may not discontinue or abandon the proceeding.***

26 P.S. § 1–408, Comment—Joint State Government Commission, 1964 Report (emphasis added). *See* Section 1939 of the Statutory Construction Act, 1 Pa.C.S.

---

7. No issue as to Common Pleas' dismissal of this second count of the Alexanders' complaint is before this Court.

8. Earlier in its opinion, Common Pleas cited *220 Partnership v. Philadelphia Electric Company*, 437 Pa.Super. 650, 650 A.2d 1094, 1096 (1994) for the proposition, *inter alia*, that a court should sustain preliminary objections in the nature of a demurrer only when it is apparent from the face of the complaint that recovery on the facts averred is impossible as a matter of law. (Common Pleas Opinion, May 20, 1999, at 3). Therefore, under that standard, Common Pleas thought it was bound to sustain the preliminary objections of Appellees because it determined that the Alexanders could not recover under Section 408 of the Code.

§ 1939 (regarding "Use of comments and reports").

▆▆▆▆ In other words, if a *timely* declaration of relinquishment is filed, then the condemned property may be relinquished and, where relinquishment occurs, according to Section 408, a condemnee is entitled to reimbursement from a condemnor for reasonable appraisal, attorney and engineering fees, and for other costs and expenses actually incurred due to the condemnation proceedings. However, where a declaration of relinquishment is *not* filed within the statutorily mandated one-year period, no relinquishment may properly occur, and, pursuant to Section 407 of the Code, 26 P.S. § 1–407, just compensation is due from a condemnor to the condemnee for the taking.[9]

Despite these clear precepts, we are faced with the fact that, in this uncommon circumstance, Common Pleas directed the Authority to file a declaration of relinquishment almost seven years after the filing of its declaration of taking, and the Authority complied. Moreover, to the best of our knowledge, **no appeal from this final order was ever taken,** and, therefore, that order is not subject to review. *See generally Murkey v. Corbin,* 115 Pa.Cmwlth. 258, 533 A.2d 1091 (1987), *petition for allowance of appeal denied,* 520 Pa. 621, 554 A.2d 512 (1988). As previously stated, Section 408 of the Code specifically provides that, where condemned property is relinquished, the condemnee shall be reimbursed by the condemnor for the reasonable appraisal, attorney and engineering fees and other costs and expenses actually incurred because of the condemnation proceedings.

Simply stated, in our estimation, it would be totally illogical to hold that the Alexanders have no right to reimbursement for the fees and costs that they had incurred due to the condemnation proceedings where there is no question that the relinquishment, rightly or wrongly, actually occurred under Section 408.

Appellees nevertheless assert that our Supreme Court's longstanding decision in *Commonwealth Appeal,* 429 Pa. 254, 239 A.2d 343 (1968), is controlling here, and therefore, the Alexanders are not entitled to reasonable fees and costs under Section 408 of the Code. *Commonwealth Appeal* concerned the issue of damages where a condemnor had filed a declaration of taking, entered upon the property, injured the property through construction, and, later, the condemnation of the property was judicially declared invalid. *Id.* at 255, 239 A.2d at 344. In that case, our Supreme Court found the Code inapplicable, and, with respect to Section 408, determined that the condemnor, the Commonwealth of Pennsylvania, was not liable to the condemnee where no declaration of relinquishment had been filed, the one-year time limitation had been exceeded, and the condemnor had not voluntarily relinquished the property, but did so only because its litigation failed and the Supreme Court sustained the condemnee's preliminary objections to the taking. However, we are satisfied that *Commonwealth Appeal* is not controlling or "on all fours" with the case at bar, where, here, as we have explained, a declaration of relinquishment *was* filed pursuant to a court order, that order was not appealed, and there is currently no issue before this Court as to

---

9. Of course, in a case such as the one before us, a revesting of title could be effectuated by a properly recorded agreement by the parties, and, in our estimation, any such agreement should absolutely include reimbursement for the reasonable costs and fees incurred by the condemnees due to their property having been "tied up" for many years.

whether the Authority's relinquishment of the Alexanders' property was valid.[10] Moreover, although Common Pleas did direct the Authority to file a declaration of relinquishment, the court only did so after granting the Alexanders' *non pros* request. Despite its assertions to the contrary, we believe that the Authority's decision not to appeal Common Pleas' final order directing that a declaration of relinquishment be filed and the lack of activity on the docket are tantamount to voluntary relinquishment of the condemned property.[11]

■ Admittedly, the facts in this case are highly anomalous and our decision herein will likely have a very limited application. Nevertheless, our holding today clarifies the law and establishes the principle that Section 408 contains no loophole by which a condemnor may escape reimbursing a condemnee for reasonable fees and costs actually incurred in condemnation proceedings by merely waiting to file its declaration of relinquishment beyond the one-year period in which it should have reasonably acted. The Court will not permit a condemnor to thus ignore its responsibility as a governmental authority under Section 408 of the Code, to the palpable detriment of a condemnee, by intentionally delaying the filing of a declaration of relinquishment.

For all of the above reasons, we reverse the order of the Centre County Common Pleas Court to the extent that it dismissed count I of the Alexanders' complaint, and we remand the case to that court for consideration of an award reimbursing William and Pauline Alexander "for reasonable appraisal, attorney and engineering fees and other costs and expenses actually incurred because of the condemnation proceedings." 26 P.S. § 1–408.[12]

## ORDER

AND NOW, this 17th day of May, 2002, the order of the Court of Common Pleas of Centre County in the above-captioned matter is reversed to the extent that it dismissed count I of the Alexanders' complaint. The case is remanded to the Common Pleas Court to first address the remaining preliminary objections that it dismissed as moot, and, if then appropriate, to address the issue of an award reimbursing the Alexanders for fees and costs actually incurred in the condemnation proceedings in accordance with this

10. We note that, in *Commonwealth Appeal*, after the Supreme Court sustained the condemnee's preliminary objections to the taking and held the condemnation to be a nullity, the condemnee, **in the same proceedings,** petitioned the common pleas court to assess damages under Section 408 and Section 406(e) of the Code, 26 P.S. § 406(e), due to entry on the property leading to construction. **The common pleas court then entered an award for damages incurred and ordered the revesting of title in the condemnee, and the Commonwealth appealed.** Here, the Alexanders filed a separate complaint for costs and fees after the Authority, having decided not to appeal the common pleas court's order, filed its declaration of relinquishment.

11. We note the existence of copies of continuance requests made on behalf of the Authority, attached to the Alexanders' petition requesting a judgment of *non pros* and relinquishment of the condemned property, one of which states, *inter alia*, that "the Auth [sic] may have acquired another access to the reservoir." (Reproduced Record at 204a–205a.)

12. Of course, prior to the award of any such fees and costs, and, in accordance with the foregoing opinion, Appellees may raise any meritorious issues with respect to their five remaining preliminary objections originally dismissed as moot by the Common Pleas Court in its May 20, 1999, order.

opinion. The order of the Common Pleas Court is affirmed in all other respects.

Jurisdiction relinquished.