# Pittsburgh's Petition.

*Constitutional law—Constitution of Pennsylvania, Art. V, Sec. 27—Trial without a jury—Written agreement.*

1. Where a party to litigation has filed a written petition, praying that he be allowed to unite in a proceeding before an auditor, appointed to ascertain certain damages alleged to have been sustained by him, he cannot afterwards repudiate the conclusion reached by the auditor and the court, on the ground that there had been no agreement filed to dispense with a jury trial within the meaning of Article V, Section 27 of the Constitution. The purpose of requiring the filing of a written agreement is that the actual consent of the parties to the litigation may be made a matter of record, so that there may be no subsequent denial by either to the disappointment of the other. Where the record shows such consent, no formal agreement is necessary.

*Municipalities—Streets—Proceedings to open—Discontinuance of proceedings—Act of May 16, 1891, P. L. 75, Sec. 7.*

2. Under the Act of May 16, 1891, P. L. 75, Section 7, which provides that where proceedings for opening a city street have been discontinued "all costs upon any proceeding had thereon shall be paid by said municipal corporation, together with actual damage, loss or injury sustained by reason of such proceedings," the witness fees recoverable are such as may be legally taxed in an ordinary legal action, and the "damage, loss or injury," recoverable are such as are occasioned by depreciation of the market value of the property or the deprivation of use during the continuance of the proceeding; money expended in the procurement of expert testimony, or damage for the loss of an advantageous lease which

a property owner could have made had it not been for the action of the city, is not recoverable.

3. Proceedings were instituted by a city for the assessment of damages and benefits arising from the opening and extension of a street; thereafter the proceedings were abandoned and an auditor was appointed under the Act of May 16, 1891, P. L. 75, to hear all parties claiming costs and expenses and damage, loss or injury sustained by reach of such proceedings; appellant, a property owner, upon his written petition was allowed to join in the proceedings; the auditor allowed his claims for counsel fees and legal witness fees and disallowed claims for cost of plans and copy of testimony, and for damage, loss and injury based upon the lost opportunity to make a remunerative lease and for witness fees in excess of the statutory amount paid to expert witnesses; the court dismissed exceptions to the report of the auditor and entered judgment thereon. Upon appeal from the action of the court in refusing the claims for expert testimony fees and the loss of the prospective tenant the judgment was affirmed.

Argued Oct. 30, 1913. Appeal, No. 223, Oct. T., 1913, by City Improvement Company, from judgment of C. P. Allegheny Co., April T., 1913, No. 763, dismissing exceptions to report of auditor in the matter of petition of the City of Pittsburgh for appointment of viewers to ascertain the costs, damages and expenses and assess the benefits arising from the extending and opening of Hamilton avenue from Fifth avenue to Penn avenue in the 11th and 12th wards of the City of Pittsburgh. Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Petition by the City of Pittsburgh for the appointment of an auditor to ascertain costs and expenses incurred by property owners in proceedings before a jury of view which had been discontinued.

The case was referred to W. S. MILLER, ESQ., as auditor.

The auditor allowed certain claims and disallowed others as appear by the opinion of the Supreme Court.

Exceptions to the findings of fact and conclusions of law of the auditor were dismissed by the court in an

opinion of FRAZER, P. J., and the report of the auditor was confirmed. The City Improvement Company appealed.

*Errors assigned* were in refusing to quash the appointment of the auditor and in dismissing the exceptions.

*W. W. Smith,* of *Gordon & Smith,* with him *Gray, Thompson & Rose,* for appellant.

*B. J. Jarrett,* with him *C. A. O'Brien,* for appellee.

OPINION BY MR. JUSTICE STEWART, January 5, 1914:

This was a proceeding instituted on the petition of certain property owners in the City of Pittsburgh claiming to recover costs and expenses incurred in connection with an earlier proceeding on the part of the City of Pittsburgh begun in January, 1911, looking to the opening and the extension of Hamilton avenue. The proceeding had been so far conducted that a report of viewers assessing the benefits and damages arising from the opening and extension of the avenue had been filed. After the filing of the report the city by ordinance repealed the extending and opening ordinance, under the authority of the Act of Assembly of May 16, 1891, P. L. 75, thereby abandoning the proposed improvement and terminating the proceeding. The petition filed in the case asked for the appointment of a commissioner or auditor "to hear all parties claiming costs and expenses by reason of said proceeding," who "after taking such testimony under oath, shall make a statement to this court of his findings, both as to fact and as to law, and his opinion upon the same." Pursuant to this petition the court appointed an auditor for this purpose, and subsequently, on the petition of this appellant, amended the order of the appointment by enlarging the duties of the auditor and directing that he was to hear as well "all parties claiming any actual

damage, loss or injury sustained by reason of said opening ordinance." The purpose in calling for this amendment is made obvious by the nature and character of the appellant's claim that was afterwards submitted to the auditor. After the auditor had been duly qualified and had entered upon the discharge of his duties, and after the parties, including the appellant, had submitted evidence in support of their respective claims, but before the report was completed, the appellant filed its motion to quash and set aside the order appointing the auditor, without prejudice, on the ground that the court had no jurisdiction to thus proceed in the adjudication of the petitioner's demands, for the reason that only by common law proceeding involving trial by jury could the rights of petitioner be determined. The motion was refused. It only need be said in support of this action by the court, that whether the appellant had a right under the Act of 1891 allowing a discontinuance of the proceeding to open and enlarge the highway, to have an action at law for the recovery of his damage in consequence, the act not prescribing any method of recovery, it is too clear for dispute that by consenting to and by adopting the methods here pursued the appellant waived such right and is concluded. The method pursued was nothing more or less than a submission to the court without the intervention of a jury, and this in the exercise of a constitutional right. Section 27, of Article V, of the Constitution provides as follows:

"The parties, by agreement filed, may in any civil case, dispense with trial by jury, and submit the decision of such case to the court having jurisdiction thereof, and such court shall hear and determine the same, and the judgment thereon shall be subject to writ of error as in other cases."

There was no formal agreement for such submission and waiver filed in this case; but to allow a party at whose instance a proceeding has been appointed, and who has taken advantage of it by pursuing it, to after-

wards defeat it, against the wishes of the opposing party, by alleging his own default in the matter of filing a formal written agreement, would be to suffer the strict letter of the law to overcome its clear purpose. The evident purpose of requiring the filing of a written agreement was that the mutual consent of the parties to the litigation might be made matter of record, so that there could be no denial thereafter by either party to the disappointment of the other. Denial of the consent here is impossible. The record shows an agreement; the filing of the written motion of the city for the appointment of an auditor, followed by the written petition on part of the appellant to unite in the proceeding before the auditor had entered upon his work, constituted "an agreement filed," within the meaning of the Constitution; it was at least its full equivalent.

The appellant is the owner of a lot of ground in the City of Pittsburgh one-fourth of which in area would have been appropriated and taken by the city had the proceedings for the assessment of damages in connection with the opening of Hamilton avenue not been abandoned, and the ordinance providing for the opening not been repealed. Section 7, of the Act of May 16, 1891, P. L. 75, provides:

"In case any such municipal corporation shall repeal any ordinance passed, or discontinue any proceeding taken, providing for any of the improvements mentioned in the preceding section prior to the entry upon, taking, appropriation or injury to any property or materials, and within thirty days after the filing of the report of viewers assessing damages and benefits, the said municipality shall not thereafter be liable to pay any damages which have been, or might have been assessed, but all costs upon any proceeding had thereon shall be paid by said municipal corporation together with any actual damage, loss or injury, sustained by reason of such proceedings."

The claim submitted by the appellant embraced these

items, (1) counsel fees, (2) cost of witnesses, (3) cost of plans and copy of testimony, (4) compensation for actual damages, loss and injury, and (5) loss of rent. The first was allowed, as was also the second, though not to the extent claimed; the third and fourth were refused. The assignments of error have relation to the rulings with respect to the cost of witnesses and the damages, loss and injury. The witness costs allowed by the auditor were measured strictly by statutory allowance; the claim made for additional allowance was to compensate for expenditure in the procurement of expert testimony. Appellant called some ten witnesses, professional real estate men, engaged in the business of negotiating sales of city real estate, renting, etc., who testified as experts. The compensation claimed for each of these witnesses was $100.00. This claim was disallowed on the ground that the act of assembly in providing that in a proceeding such as this all costs shall be paid by the municipal corporation had in contemplation only such costs as may be legally taxed in the ordinary action, and not those expenses which a party to the cause may have incurred. We entertain no doubt whatever as to the correctness of this conclusion. The word "costs" as used in this connection has a fixed and definite meaning, viz, costs authorized by statutes. It is a vain effort on the part of the appellant to support its claim in this particular by appealing to the words which follow in the act, "together with any actual damage, loss or injury sustained." The express provision for the recovery of costs as a distinct and separate item, clearly and conclusively negatives the idea that they were meant to be included in the later provision which subjects the municipality to liability for a wholly distinct matter.

Another claim made by the appellant was for compensation for an alleged loss or injury sustained under the following circumstances. In January, 1912, one Harry Davis, a proprietor of several theaters in the City

of Pittsburgh, offered to lease for a term of twenty years a portion of appellant's property at a rental of $20,-000.00 per annum, on condition that appellant at its own expense, would erect a theater building thereon at a cost not over $125,000.00; that when Davis learned that the city was proceeding to extend Hamilton avenue over part of this property he withdrew his offer because of this fact, and shortly thereafter leased another lot of ground a short distance from appellant's lot. Appellant claimed to recover for the lost opportunity of making this lease, which as the evidence shows, would have been highly remunerative. The auditor disallowed the claim assigning these reasons:

"No lease was entered into by the City Improvement Company with Mr. Davis and neither of the parties was bound in the slightest manner by what took place between them, consequently there was no rent to lose because no one had contracted to pay rent; no lease was lost for there was no lease; no tenant was driven out or evicted for there was no tenant. If the City Improvement Company lost anything, it was the chance or opportunity to make a lease or to make a good bargain."

The appellant's claim is thus reduced by the auditor into one for speculative and contingent damages. This conclusion does no injustice to appellant, and correctly states the case as made out by appellant's own showing. It is unnecessary to discuss the question of what are and what are not speculative damages, since for another quite sufficient reason the claim was properly defeated. Appellant is entitled to be indemnified for any actual damage, loss or injury it has sustained in consequence of the proceeding taken by the city. These words, "damage," "loss," "injury," are used interchangeably, not simply in this particular statute, but generally; within legislative meaning and judicial interpretation they import the same thing. Our attention has not been called to a case where they have been distinguished in meaning. As used in this statute they refer exclusively to injury

to the property which the municipality had proposed to condemn and appropriate to public use. If the property itself be injured or damaged by the municipality in its attempt to condemn and appropriate, the act provides that the municipality must make good the loss to the owner. The injury here meant is manifestly such as would depreciate the market value of the property, or deprive the owner of the accustomed use of it during the continuance of the proceeding. The act is to be read in connection with, and in the light of, the various acts of assembly providing for the taking of land for public purpose by municipal corporation and the assessment of damage in connection therewith. In all of these acts the actual taking of the land, and depreciation in value of what remained, constitute the damage, loss or injury; and under none of them could recovery be had where the municipality abandoned its proceeding, even though it had actually entered upon the land for purposes of survey, etc. Except as it had actually and permanently appropriated the land, it could, without liability for damages, rescind its action and abandon its proceeding. This much was decided in Funk v. School District, 18 W. N. C. 447. The one and apparently only purpose of Act of May 16, 1891, was to give a right to the property owner to recover for injury to the property itself, when the proceeding to condemn was abandoned. No such right existed before; and because injury to the property might occur by some act of the municipality while conducting its proceeding to appropriate, or some substantial loss by way of depreciation in value, or interruption in the accustomed use of the property result, the legislature by this act of assembly gave the right to recover in such cases. It will be observed that the provision is for cases where the abandonment of the proceeding occurs prior to the entry upon, taking, appropriation or injury "to any property or materials," and in such cases the municipality is made liable for costs together with any actual damage, loss or injury sus-

tained, that is to say, for damage, loss or injury to the property. We find in this a clear indication that nothing more was contemplated by the act than a right to recover actual damage resulting to the "property" which had been subjected to the city's proceeding. The loss claimed for here is of a purely personal character. What the city did was to tentatively adopt measures looking to the appropriation of appellant's property for public purposes, which it later on, in the exercise of a statutory privilege, abandoned. Meanwhile it made no entry on the property, disturbed no one in the occupancy of it, and, when it abandoned its proceeding, the property, so far as appears, was in exactly the same condition, even with respect to market value, it was in when the proceeding was begun. Therefore, loss by injury to the property itself is out of the question. What remains is a claim for loss purely personal, loss of an advantageous bargain or lease, which, but for the action of the city in ordaining an extension of one of its streets, appellant would have made. For such a loss certainly the act gives no right of recovery, either in express words, or by any fair implication. The words, "damages," "loss," "injury," having fixed and definite meaning, by judicial interpretation and legislative usage, they are to be allowed this meaning and no other in the absence of any provision in the act that they are to be understood differently. Thus interpreted, they include only such damages as are based on injury to the property affected. Furthermore, the allowance of such a claim as this would be so seriously violative of a settled principle of common law, that nothing short of a direct and positive expression in the act would give sufficient warrant for believing that any such consequence was intended. Nothing can be more consonant with reason and justice, or more essential to the peace of society, than the universally recognized principle of law which exempts from liability for loss or damage incidentally resulting from the proper exercise of a legal right. Here the city in

proceeding to condemn appellant's property for public use was exercising a right conferred by statute. If, as an incident to the proper exercise of this right, appellant lost the advantage of a lease which otherwise would have been contracted for, it was a case of damnum absque injuria. Certainly in the absence of express terms indicating a legislative purpose to give to the words used a different significance than they have acquired, and to change so radically the common law as to make a party liable for consequences resulting from an honest exercise of his legal rights, we are not permitted to infer any such purpose.

"A statute is not presumed to make any change (in the common law) beyond what is expressed in its provisions, or fairly implied in them, in order to give them full operation,—they are to be interpreted in the light of the common law, with references to the principles of the common law."

Endlich on Interpretation, etc., Sec. 127.

In what we have said we have sufficiently discussed the several assignments of error. Our construction of the act of assembly necessarily excludes the appellant's claim from its provision, and the assignments of error are therefore overruled and the judgment is affirmed.