## Evin v. City of Altoona

Robert W. Smith, for plaintiff; W. B. Manley, for defendant.

PATTERSON, P. J., July 14, 1933.—On August 19, 1924, the City of Altoona adopted ordinance no. 1178, providing for the widening of Chestnut Alley, now known as Federal Avenue, between Seventh and Eleventh Streets, and on February 23, 1925, upon petition of the city, viewers were appointed to assess damages under said ordinance. A view was held and a report filed with the

city, in which the plaintiff in this proceeding was allowed damages in the sum of $3,000. The report was never filed in the court of common pleas.

On August 15, 1925, the city adopted ordinance no. 1676, which amended section 7 of the original ordinance No. 1178 by extending the lines of Federal Avenue. Following this action, no further steps were taken for more than 6 years, when on December 23, 1931, the city adopted ordinance no. 2882, repealing ordinance no. 1178. The court record shows that no further proceeding was had for almost 1 year thereafter. On August 22, 1932, the plaintiff presented his petition to this court for the appointment of viewers to assess damages. Without objection on the part of the city, viewers were appointed. A view was held on the premises on September 2, 1932, and on September 9, 1932, a hearing was held and testimony taken by the parties in interest. A second hearing was held on September 15, 1932. The plaintiff and his counsel appeared, and the city was represented by the city solicitor. The report of the viewers, filed on September 19, 1932, awarded to the plaintiff the sum of $370, including actual costs and attorney fees in the condemnation proceedings, for which the plaintiff was liable. No amount was allowed for other damages which the plaintiff alleged he had sustained. Plaintiff filed four exceptions to the report of the viewers and also an appeal from the award, averring that the board of viewers had failed to award any compensation to the plaintiff "for the actual damages, loss, and injury by reason of the said proceedings."

On November 30, 1932, the city solicitor on behalf of the city filed a motion for a rule to strike off and dismiss the appeal, "for the reason that the matters to be determined are not within the province of a jury to determine but are solely for the court to determine under the law."

The right of the city to discontinue and abandon the condemnation proceedings, under ordinance no. 1178 and its supplements, is not disputed. Section 2847 of the Act of June 23, 1931, P. L. 932, provides as follows:

"Discontinuance of Proceedings.—If any city shall repeal any ordinance, or discontinue any proceeding, providing for any of the improvements mentioned in this article, prior to the entry upon, taking, or injury to any property or materials, and within thirty days after the filing of the report of the viewers assessing damages and benefits, the city shall not be liable to pay any damages which have or might have been assessed, but all costs upon any such proceedings shall be paid by the city, including attorney's fees to be fixed by the court on behalf of the owner or owners."

Under this section, the plaintiff is not entitled to damages. The city did not enter upon the property, disturbed no one in the occupancy of it, and upon abandoning the condemnation proceedings left the property in exactly the same condition it was in when the proceeding was first instituted. All that the city can be asked to pay under the provision of the statute is "all costs upon any such proceeding . . . including attorney's fees to be fixed by the court on behalf of the owner or owners."

The Act of May 16, 1891, P. L. 75, sec. 7, authorizing municipalities to discontinue proceedings taken for the widening of streets, etc., provided:

"The said municipality shall not thereafter be liable to pay any damages which have been, or might have been, assessed, but all costs upon any proceeding had thereon shall be paid by said municipal corporation, together with any actual damage, loss or injury sustained by reason of such proceedings."

The language of this act is apparently much broader than that contained in the Act of 1931.

The Act of 1931 expressly provides that "the city shall not be liable to pay any damages . . . but all costs . . . including attorney's fees", while the

1891 act, after providing for payment of costs, includes "actual damage, loss or injury", and the Supreme Court, in construing the 1891 act, in Pittsburgh's Petition, 243 Pa. 392, 398, holds:

"Appellant is entitled to be indemnified for any actual damage, loss or injury it has sustained in consequence of the proceeding taken by the city. These words, 'damage,' 'loss,' 'injury,' are used interchangeably, not simply in this particular statute, but generally; within legislative meaning and judical interpretation they import the same thing. Our attention has not been called to a case where they have been distinguished in meaning. As used in this statute they refer exclusively to injury to the property which the municipality had proposed to condemn and appropriate to public use."

And at page 399:

"In all of these acts [condemnation proceedings] the actual taking of the land, and depreciation in value of what remained, constitute the damage, loss or injury; and under none of them could recovery be had where the municipality abandoned its proceeding, even though it had actually entered upon the land for purposes of survey, etc. Except as it had actually and permanently appropriated the land, it could, without liability for damages, rescind its action and abandon its proceeding."

The award of viewers includes all the items of costs and attorney fees for which the plaintiff has a right to recover. In such a case, there is no proceeding for determining the amount of costs and attorney fees provided by the Act of Assembly. In the Pittsburgh case, supra, an auditor was appointed. In the present case, viewers were appointed without objection on the part of the city, and later the city solicitor and plaintiff and his counsel conducted the proceedings before the viewers without objection, and not until the viewers' report was filed did the plaintiff file exceptions and an appeal to the court of common pleas, on the ground that the viewers did not correctly perform their duties, and for a jury trial, and the defendant filed its motion to strike off and dismiss the appeal for want of jurisdiction.

We believe that the report of viewers, under the circumstances, may be received with the same force and effect as the report of an auditor, had one been appointed. The parties, acquiescing in the appointment of the viewers and the proceedings by them, cannot now complain of any irregularity in their appointment. In dismissing a similar motion, in the case of Pittsburgh's Petition, supra, at page 395, the Supreme Court said:

"The motion was refused. It only need be said in support of this action by the court, that whether the appellant had a right under the Act of 1891 allowing a discontinuance of the proceeding to open and enlarge the highway, to have an action at law for the recovery of his damage in consequence, the act not prescribing any method of recovery, it is too clear for dispute that by consenting to and by adopting the methods here pursued the appellant waived such right and is concluded. The method pursued was nothing more or less than a submission to the court without the intervention of a jury, and this in the exercise of a constitutional right. . . .

"There was no formal agreement for such submission and waiver filed in this case; but to allow a party at whose instance a proceeding has been appointed, and who has taken advantage of it by pursuing it, to afterwards defeat it, against the wishes of the opposing party, by alleging his own default in the matter of filing a formal written agreement, would be to suffer the strict letter of the law to overcome its clear purpose."

The award of the viewers reimburses the plaintiff for all the expenditures and costs and attorney fees to which he is entitled by any proceeding under

the law as we understand it. It matters little, therefore, whether the award was by auditor, by jurors, or by the court. It is all that the law allows.

The award of the viewers, as set forth in the report filed, is hereby ratified, approved, and adopted as the award of this court. The exceptions to the report of viewers are dismissed, the appeal filed on the part of the plaintiff is refused, and the motion to strike off the appeal is hereby sustained, the costs of this proceeding to be paid by the City of Altoona.