## Stella Pothos *v.* Urban Redevelopment Authority of Pittsburgh, Appellant.

Argued May 5, 1977, before Judges Crumlish, Jr., Wilkinson, Jr. and Blatt, sitting as a panel of three.

*Richard W. Kelly*, with him *John T. Richards,* and *Richards & Kelly,* for appellant.

*Howard M. Louik*, with him *William P. Bresnahan,* for appellee.

Opinion by Judge Wilkinson, Jr., June 1, 1977:

The facts of this case are not in dispute. On April 2, 1973, the Urban Redevelopment Authority of Pittsburgh (Authority) filed a declaration of taking condemning appellee's property which is located at 201 Anderson Street, in the City of Pittsburgh. Two months later, the Authority filed a declaration of relinquishment with regard to appellee's property, and thereby, title was revested in appellee. On February 4, 1974, the Court of Common Pleas of Allegheny County referred the case to a Board of Viewers (Board), pursuant to Section 408 of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-408, for a determination of damages caused by the condemnation proceedings. The Board issued a report of viewers on July 9, 1975, which allowed appellee reimbursement of appraisal

and attorney's fees in the amount of $7,575.00. The Board further stated in its report that appellee had attempted to present testimony regarding diminution of market value to the subject property caused by the condemnation proceedings, between the date of the declaration of taking and the date of the relinquishment. The Board, however, refused to hear such testimony, believing diminution of market value damages not to be encompassed by Section 408. Appeal was taken to the Allegheny County Court of Common Pleas, which ordered a remand of the case to the Board for its consideration of diminution of value damages to the subject property. This appeal followed.

This case presents the question of whether a condemnor must reimburse a condemnee under Section 408 for damages in the nature of diminution in the market value of the subject property resulting from the condemnation proceedings. The lower court found that such damages were within the scope of Section 408. We disagree and reverse.

Our research has not revealed, nor have the parties cited a case in this Commonwealth that has reached the issue before us.[1]

Since the amendment of December 29, 1971, P.L. 635, Section 408 reads in pertinent part:

> Where condemned property is relinquished the condemnee shall be reimbursed by the condemnor for reasonable appraisal, attorney and engineering fees and other costs and expenses actually incurred because of the condemnation proceedings. Such damages shall be assessed by the court, or the court may refer the matter

---

[1] See, *Weed v. Bucks County*, 38 D. & C. 2d 683 (1965). Had the Court of Common Pleas of Bucks County decided this case contrary to the way it did, the issue of diminution of market value damages would have been squarely addressed. The opinion itself, however, points out that this issue was never reached .

to viewers to ascertain and assess the damages sustained by the condemnee, whose award shall be subject to appeal as provided in this act.

To fully grasp the issue before us, it is necessary to note at the outset that:

Historically it has been the law that there is no constitutional right in an owner to recover losses and expenses occasioned by the discontinuance of a condemnation proceeding. Therefore any right to recover damages must be conferred by statute.

*Department of Transportation v. Epley Land Company*, 16 Pa. Commonwealth Ct. 508, 511, 328 A.2d 913, 915 (1974).

The first statute to confer a right to a condemnee to recover damages in the event a relinquishment occurs was Section 7 of the Act of May 16, 1891, P.L. 75, *as amended*, 53 P.S. §1092 (Act of 1891), which states:

In case any such municipal corporation shall repeal any ordinance passed, or discontinue any proceedings taken, providing for any of the improvements mentioned in the preceding sections prior to the entry upon, taking, appropriation or injury to, any property or materials, and within thirty days after the filing of the report of viewers assessing damages and benefits, the said municipality shall not thereafter be liable to pay any damages which have been, or might have been, assessed, but all costs upon any proceeding had thereon shall be paid by said municipal corporation, together with any actual damage, loss or injury sustained by reason of such proceedings.

This statute was interpreted by our Supreme Court in *Pittsburgh's Petition*, 243 Pa. 392, 90 A. 329 (1914), to exclude loss of profits from a lease which was being

negotiated at the time of the condemnation. The Court observed that ''the property, so far as it appears, was in exactly the same condition, even in respect to market value, it was in when the proceeding was begun.'' *Id.* at 400, 90 A. at 332. The reference to diminution of market value damages is dicta in that case since the issue was never raised by the parties.

In 1964 the Eminent Domain Code was adopted and it provided in Section 408 for damages in the event of a relinquishment of taking. It is important to reproduce the pertinent part of old Section 408 that pertained to the damages allowed, since it differs from the present version.[2]

> Where condemned property is relinquished, the condemnee shall be entitled to the damages sustained by him including costs, expenses and reasonable attorney's fees and such damages shall be assessed by the court, or the court may refer the matter to viewers to ascertain and assess the damages sustained by the condemnee, whose award shall be subject to appeal as provided in this act.

Our review of the Act of 1891 and the present and former versions of Section 408, contra to that of appellee, indicates that over the years the legislature has attempted to narrow and define more clearly the damages allowed a condemnor when a relinquishment occurs. Essentially the Act of 1891 and the original version of Section 408 speak in terms of damages sustained and thus are very general, allowing for broad interpretation. Contrast this focus on damages generally, with the wording of the present version of Section 408 which states: '' [T]he condemnee shall be reimbursed by the condemnor for reasonable appraisal, attorney, and engineering fees and other costs and ex-

---

[2] The relevant portion of Section 408 was amended to its present form in 1971 by the Act of December 29, 1971, P.L. 636.

penses actually incurred because of the condemnation proceedings.'' The present version of Section 408 is very specific, speaking in terms of reimbursement for costs and expenses actually incurred, not generally in terms of ''damages sustained'' like the Act of 1891 and the former version of Section 408. This is a startling difference and indicates the legislative intent to define specifically the damages allowed. Such a clear statement by the legislature forbids us from inserting our own interpretation. Damage to a property in the nature of diminution in market value is conspicuous by its absence. This conclusion is buttressed by the Joint State Government Commission's Comment to the 1971 Amendment of Section 408 which states in part:

The Act of 1971, December 29, P.L. 635, Act No. 169, substitutes for the term 'damages' an explicit mandate for reimbursement of reasonable costs and expenses actually incurred, such as appraisal, attorney and engineering fees.

*Eminent Domain Code As Amended With Comments and Notes* (1972).

Appellee raises one further point, that in the event of a relinquishment, the condemnor has a duty to make the condemnee ''whole.'' We disagree. The basis for this argument is a statement in the case of *Van Cure v. Hartford Insurance Co.*, 435 Pa. 163, 172, 253 A.2d 663, 667-68 (1969) to the effect that:

The possibility of revocation of condemnation arises under §5633 of the Second Class County Code and §408 of the Eminent Domain Code. Appellant contends that since she may have her property returned to her, she has an interest in the preservation of that property. She errs in two respects. After a bond is filed, all risk of loss passes to the condemnor. If the Authority is to return the property it must make

her whole with respect to any damages and losses. Thus, appellant could not sustain any pecuniary loss. (Footnote omitted.)

This statement has no relevance to the case before us for three reasons: first, in *Van Cure* there was actual physical damage to the subject property which is not a factor in the instant case; second, this statement made by our Supreme Court was in response to an event that did not occur in that case and is thus dicta; and third, when *Van Cure* was decided, the original version of Section 408 was in effect.

Accordingly, we will enter the following

### ORDER

Now, June 1, 1977, the order of the Court of Common Pleas of Allegheny County, dated March 25, 1976, remanding this case to the Board of Viewers for a consideration of damages in the nature of diminution of market value of the subject property resulting from the condemnation proceedings, is reversed.