566 A.2d 631

In re Condemnation by the Commonwealth of Pennsylvania, Department of Transportation, of Right of Way for Legislative Route 1021, Section 1B, a Limited Access Highway, in the City of Pittsburgh.

In re ESTATE OF Julia F. ROCHEZ, Deceased, by Edward Goslin et al.

Appeal of COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION.

Commonwealth Court of Pennsylvania.

Reconsideration Granted July 26, 1989.

Decided Nov. 14, 1989.

Jeffrey L. Giltenboth, Asst. Counsel, with him, John L. Heaton, Chief Counsel, Pittsburgh, for appellant.

Thomas J. Dempsey, Pittsburgh, for appellees.

Before CRUMLISH, Jr., President Judge, and DOYLE (P.) and COLINS, JJ.

OPINION

CRUMLISH, Jr., President Judge.

The Pennsylvania Department of Transportation (DOT) appealed an order of the Allegheny County Common Pleas Court, which concluded that DOT's taking of the property of the Estate of Julia F. Rochez was excessive.

A panel of Judges of this Court affirmed the common pleas court's order and remanded for a determination of damages. (Doyle, J., concurring and dissenting).

We subsequently granted reconsideration of our deci-

sion.[1] In the opinion accompanying the May 17, 1989 order, it was stated that the building on the property in question had been leveled. Upon reconsideration, a review of the record reveals that while DOT had *condemned* the entire building, the building itself was left standing.

Although the original decision contained a misstatement of fact, we find that the misstatement is not material to the outcome of the case. We therefore amend the prior opinion of the panel to correct this misstatement and confirm our prior order in *Estate of Rochez*, 126 Pa.Commonwealth Ct. 59, 558 A.2d 605 (1989).

## ORDER

This Court's May 17, 1989 order in the above-captioned matter is confirmed and the order of the Allegheny County Common Pleas Court, No. GD–84–6940, dated August 3, 1988, is affirmed.

DOYLE, Judge, concurring and dissenting.

Respectfully, I would simply readopt my concurring and dissenting opinion as was filed in *Estate of Rochez*, 126 Pa.Commonwealth Ct. 59, 558 A.2d 605 (1989).

1. Due to the untimely death of Senior Judge Kalish, the case was submitted for reconsideration to Judges Doyle and Colins, who originally heard oral argument in this matter, and was submitted on the briefs to President Judge Crumlish, Jr., for his consideration as a member of the panel.