606 A.2d 563

In re Condemnation By the Commonwealth of Pennsylvania, Department of Transportation, of Right of Way for Legislative Route 1021, Section 1B, a Limited Access Highway in the City of Pittsburgh.

In re ESTATE OF Julia F. ROCHEZ, Deceased, by Edward Goslin, Thomas Goslin and Mary Grace DiGiorgi, as Co–Executors and Edward Goslin, Thomas Goslin and Mary Grace DiGiorgi, in Their Own Right.

Appeal of COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION.

Commonwealth Court of Pennsylvania.

Argued Oct. 8, 1991.

Decided March 16, 1992.

Jeffrey L. Giltenboth, Sr. Asst. Counsel, for appellant.
Thomas J. Dempsey, for appellees.

Before McGINLEY and SMITH, JJ., and BARRY, Senior Judge.

SMITH, Judge.

This matter involves another appeal to this Court in protracted condemnation proceedings in which the Department of Transportation has attempted to acquire total possession of property located in Allegheny County currently owned by Mary Grace DiGiorgi, Edward Goslin and Thomas Goslin as transferees of all of Julia F. Rochez' title and interest in the subject property (Condemnees). The Court of Common Pleas of Allegheny County issued a June 7, 1990 order, from which the Department appeals, revesting title in Condemnees to eighty percent of the subject property as of the date of the taking. The issue now is whether application of the "law of the case" doctrine precludes entry of that order.

I

The following is a recitation of the procedural record in this matter. The Department filed its declaration of taking on April 25, 1984 to acquire a fee simple interest in approximately fifty percent of property owned by Condemnees for the construction of a limited access highway in Pittsburgh, Allegheny County (North Shore Expressway), which is now completed and open to traffic.[1] Preliminary objections were filed by Condemnees and after a hearing before the trial court, an order was entered on August 6, 1985 sustaining preliminary objections as to the validity of Section 3 of the Act of December 7, 1979, P.L. 478, No. 179–100, 71 P.S. § 513(e), authorizing the condemnation because the title to that section was constitutionally defective.

---

1. The property condemned included the entire building Condemnees own which is approximately 105 feet by 105 feet and situated on the northerly end of Condemnees' property abutting the highway.

The Pennsylvania Supreme Court heard an appeal on this challenge, ruled that the trial court was in error, and remanded the case for further proceedings pursuant to its order dated October 3, 1986. *Estate of Rochez*, 511 Pa. 620, 515 A.2d 899 (1986). After remand, the Department gave notice of its intention to demolish the building on Condemnees' property. Thereafter, upon request of Condemnees for clarification of its order, the Supreme Court issued another order instructing the trial court to consider and decide all remaining issues, including remaining preliminary objections.

After hearing oral argument, the trial court on August 3, 1988 ordered that Condemnees' preliminary objections be sustained with respect to excessive taking (Nos. 28, 29 and 30) and that all other preliminary objections be denied. The trial court determined that the amount of land and building in excess of twenty feet, or eighty percent of the property, from the northerly property line of Condemnees' property was not needed by the Department and therefore constituted an excessive taking. The Department appealed that ruling to this Court which issued an order on May 17, 1989 affirming the trial court and remanding the case for a determination of damages. *See Estate of Rochez by Goslin*, 126 Pa.Commonwealth Ct. 59, 558 A.2d 605 (1989) (*Rochez I*). Subsequently, in an opinion authored by former President Judge Crumlish upon reconsideration, this Court confirmed its prior order in *Rochez I* and once again remanded the case to the trial court. *See In re Estate of Rochez*, 129 Pa.Commonwealth Ct. 581, 566 A.2d 631 (1989), *appeal denied*, 525 Pa. 605, 575 A.2d 570, 525 Pa. 606, 575 A.2d 570, 525 Pa. 606, 575 A.2d 570, 525 Pa. 606, 575 A.2d 571 (1990) (*Rochez II*).

Although affirming the trial court, the majority in *Rochez I* modified the nature of the Department's acquisition to a defeasible fee with regard to eighty percent of the property as title reverted to Condemnees at the "end of the construction project." The decision was premised upon the erroneous assumption that the property had been acquired for use

"as a storage area or construction facility for the contractors and builders to store their equipment during construction," representing a temporary easement, and that Condemnees' building had been totally razed by the Department.[2] The issue as to whether the excessive taking should have been a defeasible fee for staging purposes rather than a fee simple absolute was not before this Court as recognized by the dissent in *Rochez I.* The only issue before the Court was whether the taking of more than twenty feet of Condemnees' land and building in fee simple was justified.[3]

Upon further remand to the trial court, Condemnees presented their motion for entry of an order revesting title in Condemnees to all but twenty feet of their land and building. In its June 7, 1990 order, the trial court revested title in Condemnees to the remaining eighty percent of the property as of the date of taking on April 25, 1984. The trial court denied the Department's request for a right-of-entry onto the property to raze the entire building, finding this request "incomprehensible" since there was no reason for razing the building and then determining damages.

## II

The primary issues presented by the Department concern a determination as to the date this Court previously determined that title would revest in Condemnees and the date construction of the project has occurred or is about to occur. The Department believes it has a right to enter onto the property and to raze the entire building and that construction is not over until all or some part of the building is razed because this Court, in essence, did not invalidate the taking but merely modified its nature to create a defeasible

2. This Court acknowledged in *Rochez II* the factual error made in *Rochez I* and stated that despite the error, the decision of the Court remained the same. Both parties appealed to the Supreme Court, and on May 7, 1990, their applications for allowance of appeal were denied and the case was once again remanded to the trial court for further proceedings.

3. The Department originally justified condemnation of the entire fee interest as being cost effective rather than for use as storage facilities.

fee in that portion held to be excessive. The Department reasons that the trial court on remand totally ignored the language of this Court's opinion in *Rochez I* as to the "defeasible fee" reverting at the "end of construction" and argues that it was error for the trial court to ignore that decision and to order a revesting of title as of the date of taking. Citing *Commonwealth v. Tick, Inc.*, 431 Pa. 420, 246 A.2d 424 (1968), the Department contends that *Rochez I* represents the law of the case and that the trial court was without power to modify or to otherwise depart from that decision as to any matter decided in the appeal.

In the alternative, the Department argues that the trial court further erred in entering its order without a hearing to determine the completion date of construction, the amount of the building to be razed by the Department, and the date that title revests as reflected by the end of construction. These facts, according to the Department, are necessary to determine the fair market value to be paid Condemnees and as such, the trial court abused its discretion and committed an error of law when it decided a factual matter without holding an evidentiary hearing.

Condemnees vigorously argue that the trial court's order revesting title to eighty percent of the property was correct and that the trial court was not bound by this Court's earlier decision which was based upon erroneous facts and an issue not raised by either party to the appeal. Furthermore, since the highway construction is completed and the highway is now open to traffic, there is no impediment to the Department razing twenty feet of the property which it has the right to do rather than razing the entire building. Condemnees assert that if the Department takes twenty feet from the north end of the property and a new wall is erected, the building would remain a substantial, functional and marketable property. Moreover, the trial court's June 7, 1990 order was simply an implementation of this Court's order that the condemnation was excessive.

The doctrine of the law of the case is inapposite where the literal interpretation of a prior appellate decision

in a later appeal on another phase of the same case would result in an injustice and create an inconsistent and illogical result. The doctrine is not an inflexible rule of law and should be applied with discretion, particularly where the appellate decision was rendered on an issue never presented to the appellate court for review and was based upon palpably erroneous facts. *Reamer's Estate*, 331 Pa. 117, 200 A. 35 (1938). The Supreme Court in *Reamer's Estate* is quoted in pertinent part:

> The rule of 'the law of the case' is one largely of convenience and public policy, both of which are served by stability in judicial decision, and it must be accommodated to the needs of justice by the discriminating exercise of judicial power. Thus there is an abundance of authority to the effect that where a prior decision is palpably erroneous, it is competent for the Court, not as a matter of right but of grace, to correct it upon a second review where no wrong or injustice will result thereby, where no rights of property have become vested, where no change has been made in the status of the parties in reliance upon the former ruling, and where, following the decision on a former appeal, the Court in another case has laid down a different rule either expressly or by necessary implication overruling the previous decision.

*Id.*, 331 Pa. at 122–23, 200 A. at 37–38.

In *Delaware River Port Authority v. Pennsylvania Public Utility Commission*, 408 Pa. 169, 182 A.2d 682 (1962), the Supreme Court further expounded on the doctrine and indicated that it has been defined on several occasions by that court, notably in *Burke v. Pittsburgh Limestone Corp.*, 375 Pa. 390, 100 A.2d 595 (1953) and in *Reamer's Estate*. The court noted that an essential requirement of the doctrine of the law of the case is that it be applied only upon a later appeal on another phase of the same case. Nevertheless, under the existing and unique circumstances of this case, the doctrine should not be applied to preclude this Court from affirming the trial court's revesting of title. Because this Court invalidated a portion

of the original taking as excessive, it seems implausible that a revesting of title to that portion of Condemnees' property as of the date of the taking would not be in order.

Moreover, in *Larocca v. Workmen's Compensation Appeal Board (Pittsburgh Press)*, 140 Pa.Commonwealth Ct. 192, 592 A.2d 757 (1991), this Court, citing *Reamer's Estate*, decided to consider the merits of an issue previously ruled upon by a single judge of this Court in the interest of justice and judicial economy. Similar reasoning must be applied here. There is no dispute that the highway construction is completed and the highway is open to traffic; that the Department has never been granted the right to possession and ownership in fee simple of the entire property and title therefore never vested in the Department to that portion of the taking determined to be excessive; the record fails to demonstrate the Department's need for the remainder of Condemnees' property; and most pertinent, the *Rochez I* modification of the Department's taking to a defeasible fee in eighty percent of Condemnees' property was premised upon "palpably erroneous facts." [4]

 It is fundamental that the trial court is duty bound to strictly comply with the mandates of this Court and is required to proceed in accordance with the views and reasoning stated in its opinion. *Tick, Inc.* Logic dictates, however, that where the fee simple taking of Condemnees' property was nevertheless held to be excessive, the trial court appropriately determined that it could not strictly comply with a mandate of this Court in *Rochez I* which had

4. Other decisions within this Commonwealth have rejected the law of the case doctrine where the factual circumstances did not warrant its application. *See Pennsylvania Ass'n of State Mental Hospital Physicians v. State Employees' Retirement Board*, 31 Pa.Commonwealth Ct. 151, 375 A.2d 863 (1977), *aff'd*, 484 Pa. 313, 399 A.2d 93 (1979) (law of the case doctrine not applied where preliminary objections in original action overruled but this Court never addressed the issue raised on appeal); *Commonwealth v. Reidenbaugh*, 266 Pa.Superior Ct. 315, 404 A.2d 697 (1978) (the doctrine held inapplicable as it is not an inflexible rule and does not have the finality of the doctrine of res judicata and where a prior decision is palpably erroneous, a court may correct the decision upon a second review).

no basis in fact. That the trial court acted to correct an injustice pursuant to authority conferred by Section 406 of the Eminent Domain Code [5] cannot be denied. Section 406 provides, inter alia, that the court shall enter final orders and decrees as justice shall require, including the revesting of title. Thus, the trial court did not commit a manifest abuse of discretion nor error of law when it ordered a revesting of title as of the date of taking. However, it is emphatically stated that this Court does not condone a disregard of the views and reasoning expressed in its opinions and expects that courts below will strictly comply with the mandates of this Court. Nonetheless, the trial court must be affirmed here due solely to the circumstances and a desire to avoid perpetrating a grave injustice to Condemnees if title were not revested as determined by that court.[6]

## ORDER

AND NOW, this 16th day of March, 1992, the June 7, 1990 order of the Court of Common Pleas of Allegheny County is affirmed.

---

5. Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. § 1–406.

6. The Department's argument that the trial court acted improperly in revesting title without an evidentiary hearing is unpersuasive. The Department failed to request a hearing in its answer to Condemnees' motion for revesting to determine the date that construction was completed. Since the Department was entitled to possession of the northerly twenty feet of the land and building only, title to the remainder never vested in the Commonwealth; consequently, Condemnees were entitled to have their title revested in the remainder of their property as of the date of the declaration of taking on April 25, 1984. Thus, an evidentiary hearing to determine matters already of record is unnecessary and would not promote judicial economy.