In re CONDEMNATION BY THE COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, of Right of Way for Legislative Route 1021, Section 1B, a Limited Access Highway, in the City of Pittsburgh. (Two Cases.)

ESTATE OF Julia F. ROCHEZ, Deceased, by Edward GOSLIN, Thomas Goslin, and Mary Grace Digiorgi as Co-Executors, and Edward Goslin, Thomas Goslin, and Mary Grace Digiorgi, in their own right. (Two Cases.)

Appeal of COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellant. (Two Cases.)

Commonwealth Court of Pennsylvania.

Argued Nov. 5, 1997.

Decided Feb. 24, 1998.

**940** ◼

Jeffrey L. Giltenboth, Pittsburgh, for appellant.

Thomas J. Dempsey, Pittsburgh, for appellees.

Before DOYLE and SMITH, JJ., and NARICK, Senior Judge.

SMITH, Judge.

This is an appeal by the Pennsylvania Department of Transportation (Department) from the January 31, 1997 order of the Court of Common Pleas of Allegheny County granting a petition filed by Edward Goslin, Thomas Goslin and Mary Grace Digiorgi as Co-Executors of the Estate of Julia F. Rochez and in their own right (hereafter Condemnees) for damages under Section 408 of the Eminent Domain Code, Act of June 22,

1964, Special Sess., P.L. 84, *as amended,* 26 P.S. § 1–408.[1] The trial court awarded $834,461.24 to Condemnees for damages that the trial court determined were caused by the Department's condemnation of Condemnees' property. The Department questions whether Condemnees are eligible for reasonable fees, costs and expenses where the trial court's June 7, 1990 order sustaining Condemnees' preliminary objections to the taking did not finally terminate the condemnation as required by Section 406(e), 26 P.S. § 1–406(e), and it states that even if Condemnees are entitled to Section 408 reimbursement, they may only recover those fees and other costs and expenses statutorily authorized and actually incurred by them as opposed to general damages under the constitutional requirement for just compensation for land taken for eminent domain purposes.

This appeal represents the final stage in a condemnation case initiated on April 25, 1984 by the Department, taking one-half of the land and the entire building owned by Condemnees as transferees of all title and interest in property previously owned by Julia Rochez, deceased. The property is located in Pittsburgh, Allegheny County, and a part of it was condemned because of the construction of the North Shore Expressway, a limited access highway. Condemnees filed preliminary objections on July 11, 1984, asserting, inter alia, that the taking was excessive. The trial court eventually determined that the Department's taking was excessive and sustained Condemnees' preliminary objections on this ground. The issue resolved by the trial court was whether the Department's taking of more than twenty feet of Condemnees' land and building in fee simple was justified. The trial court's ruling was affirmed by this Court.[2]

**1.** The Department's notice of appeal filed with this Court on February 21, 1997 states that the appeal is from an order dated January 12, 1995 and from the order dated January 31, 1997. The January 12, 1995 order was issued by this Court at No. 2823 C.D. 1994 and quashed, as interlocutory, the Department's earlier appeal of the trial court's order overruling preliminary objections to Condemnees' petition for damages. The January 31, 1997 order is from the trial court, and it is the subject of the appeal at No. 484 C.D. 1997. That part of the Department's notice of appeal referring to the January 12, 1995 order is appar-

ently in error, and the Court will consider only the trial court's January 31, 1997 order.

On April 15, 1997, the Department reduced the trial court's January 31, 1997 award to judgment and thereafter filed a second appeal with this Court on May 1, 1997 from the judgment. That appeal is filed at No. 1134 C.D. 1997. The appeals were consolidated.

**2.** A detailed history of the proceedings between the parties is found at *Estate of Rochez*, 511 Pa. 620, 515 A.2d 899 (1986) *(Rochez I)* (Supreme

Condemnees pursued their just compensation claim and ultimately entered into a Stipulation of Settlement with the Commonwealth on May 4, 1993 for $260,500. The Stipulation provided that it "is meant to exclude altogether from its terms, and not to bar or preclude in any way, the prosecution by the Goslins, ... their claims against the Commonwealth for any and all damages resulting from their contest of the condemnation by the Commonwealth to which they claim entitlement under the provisions of Sections 406 and 408 of the Eminent Domain Code, 26 P.S. 1–406 and 1–408, and Section 2003(e)(2)(i)(b) of the Administrative Code of 1929, *as amended* by Act 1979–100, 71 P.S. § 513(e)(2)(i)(b)." Stipulation of Settlement, ¶ 2.

## I.

The trial court stated that the Department's excess taking entitled Condemnees to treat the Department's conduct as an abandonment of its condemnation under Section 2003(e)(2)(i)(b) of the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. § 513(e)(2)(i)(b), which provides that a landowner shall be entitled to petition for damages under Section 408 of the Eminent Domain Code where the court sustains preliminary objections to the condemnation of a remainder and orders that title be revested in the landowner nunc pro tunc. Section 408 provides in pertinent part: "Where condemned property is relinquished, the condemnee shall be reimbursed by the condemnor for reasonable appraisal, attorney and engineering fees and other costs and expenses actually incurred because of the condemnation proceedings." Where prelimi-

nary objections to a declaration of taking are sustained by the trial court, Section 406(e) permits the trial court to award damages. That section provides in relevant part: "If preliminary objections are finally sustained, which have the effect of finally terminating the condemnation, the condemnee shall be entitled to damages as if the condemnation had been revoked under section 408, to be assessed as therein provided."

The $834,461.24 award by the trial court included: attorney's fees of $110,000 with interest of $31,240; post-principal-litigation attorney's fees of $5000; lost rents of $338,-704.80, less $67,081 for paid rents, with interest of $254,875.41; court costs and expenses of $4,861 with interest of $1,385.39; partial loss rentals of $55,350 with interest of $15,-498; real estate taxes of $3,312 with interest of $1,159.20; expenses in suing Condemnees' tenant, Airco, Inc., of $14,862 with interest of $5,201.70; insurance premiums of $19,482 with interest of $6,818.70; and improvements to the condemned property of $36,475 with interest of $12,766.25. Interest was awarded on the appraisal and architectural fees of $270.75 and $294.98, respectively. Counsel for the Department stipulated that the $110,-000 attorney's fee, $950 appraisal fee and $1,035 architectural fee were recoverable. Counsel also stipulated to the amounts that were payable by Airco, Inc. under its lease with Condemnees for real estate taxes, insurance premiums and other expenses, subject to recovery only if allowed under Section 408 of the Eminent Domain Code. Stipulation, August 23, 1995, ¶¶ 31—42. The trial court specifically found that the damages awarded to Condemnees arose out of the loss of Airco, Inc. as a tenant in Condemnees' property.[3]

Court reversed trial court decision holding unconstitutional section 3 of the Act of December 7, 1979, P.L. 478 [Act 1979–100], because the title of the Act failed to give notice that its amendment to the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. § 513(e)(1), changed the law to permit condemnations for highway rights-of-way in fee simple); *Estate of Rochez*, 126 Pa.Cmwlth. 59, 558 A.2d 605, *confirmed as modified*, 129 Pa.Cmwlth. 581, 566 A.2d 631 (1989), *appeals denied*, 525 Pa. 605, 606, 575 A.2d 570, 571 (1990) (*Rochez II* ) (this Court affirmed trial court holding that the Department's taking of a fee simple was excessive

and remanded case for a determination of damages); and *Estate of Rochez*, 146 Pa.Cmwlth. 414, 606 A.2d 563 (1992) (*Rochez III* ) (this Court upheld trial court order revesting title in Condemnees to eighty percent of the condemned property as of the date of taking).

3. The Airco, Inc. lease was to expire on February 28, 1991 and provided that Airco, Inc. would pay rents and taxes and make renovations to the building and maintain it. Airco, Inc. vacated the premises in May or June 1984. Condemnees retained possession of the property at all times.

The trial court based its decision on principles of fundamental fairness. It concluded that Section 408 required the recovery of full compensation, and just compensation mandated that Condemnees be made whole. Relying upon *In re Franklin Street,* 14 Pa.Super. 403 (1900), the trial court noted that loss rentals were granted as damages after an award of just compensation when the City of Philadelphia discontinued a street-widening project, although that case predated Section 408. Citing, as well, *Reinbold v. Commonwealth,* 319 Pa. 33, 179 A. 571 (1935), the trial court found additional support for its conclusion that Condemnees' claim must be decided under just compensation requirements. In *Reinbold* the Supreme Court held that the Commonwealth had a right to discontinue its condemnation proceedings but that the landowner was entitled to an appropriate award for costs, expenses and damages expended and suffered by him from the date proceedings were initiated to the date the Commonwealth sought leave to discontinue. This case likewise predated Section 408.

## II.

The Department argues that the trial court committed an error of law in interpreting the relevant statutory provisions and in disregarding the legislature's clear intent as to when damages are payable and under what circumstances. The Department maintains that Section 408 is clear and free from any ambiguity and that the trial court was not permitted to disregard its language under the pretext of pursuing legislative spirit. Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b). It also asserts that the legislature intended under Section 408 to permit condemnees to be reimbursed only for out-of-pocket costs and expenses and not for damages which were a part of the condemnation claim and that, before costs may be awarded, Condemnees must establish the threshold burden of showing under Section 406(e) that the condemnation was finally terminated.

The Department relies in part upon *In re Pittsburgh's Petition,* 243 Pa. 392, 90 A. 329 (1914), where the court stated that the words "damage," "loss" or "injury" include only those damages that are based on injury to the property affected by the condemnation and that any other interpretation must be rejected in the absence of a statutory provision that expressly indicates another interpretation. As a result, the Department persuasively argues that loss rentals are not recoverable in an action under Section 408 for the recovery of fees and other costs and expenses actually incurred due to a condemnation. For other support, the Department cites *United States v. 4.18 Acres of Land,* 542 F.2d 786 (9th Cir.1976), where the circuit court stated that damages to be awarded must fall within those specified by statute. The Department asserts that because no statutory authority permits recovery of the items awarded by the trial court here, they are not recoverable except to the extent stipulated by counsel concerning the appraisal, attorney's and architectural fees. The Department further asserts, and correctly so, that the trial court erred in awarding damages to Condemnees under just compensation requirements.

Specifically, the Department argues that Condemnees' attorney's fees attributable to defending the Department's appeal to the Supreme Court in *Rochez I* are not recoverable because Condemnees were the losing parties. *Dornon v. McCarthy,* 205 Pa.Super. 552, 211 A.2d 28 (1965), *aff'd per curiam,* 420 Pa. 626, 215 A.2d 386 (1966). The Department likewise argues that the interest claims are not recoverable because interest is assessed only for delay in paying the value of condemned property. *White v. Redevelopment Authority of McKeesport,* 69 Pa. Cmwlth. 307, 451 A.2d 17 (1982). Condemnees sued Airco, Inc. for rent owed to date, and, according to the Department, any future and speculative expenses claimed under the lease are no more recoverable than are the loss rentals. It states that the real estate taxes are the obligation of Condemnees, except for a prorated sum for the year of taking, and that insurance premiums for the property are similarly the obligation of Condemnees. Finally, the Department requests that the case be remanded to the trial court for an itemization of attorney's fees associated with the Supreme Court appeal in *Rochez I* and a determination of the costs

and expenses actually incurred by Condemnees due to the taking.

Condemnees counter that Section 609 of the Eminent Domain Code, 26 P.S. § 1–609, allows recovery of those sums awarded by the trial court and that under Section 408 Condemnees also are entitled to recover all of their damages. Section 609 provides that where proceedings are initiated under Section 502(e), 26 P.S. § 1–502(e), for the appointment of viewers, a judgment awarding compensation for the taking of property shall include reimbursement of reasonable appraisal, attorney and engineering fees and other costs and expenses actually incurred. The current version of Section 609 is identical to Section 408 language describing the costs and the expenses recoverable, and it is based on 42 U.S.C. § 4654, which provides that federal courts shall award an owner of real property reasonable costs, disbursements and expenses, including reasonable attorney, appraisal and engineering fees actually incurred, where due to final judgment the federal agency initiating the condemnation cannot acquire the real property by condemnation or the proceeding is abandoned. Although Condemnees argue that Section 609 may be applied here, the Court notes that the Stipulation of Settlement limits the pursuit of Condemnees' claims to Sections 406 and 408, and the issues therefore will be decided under those provisions. Assuming arguendo that Section 609 were applicable, its provisions nevertheless limit Condemnees to the same category of fees, costs and expenses recoverable under Section 408.

■ Condemnees dispute the Department's argument that the condemnation was not finally terminated, where the record demonstrates that eighty percent of the condemnation was finally terminated by the trial court, which sustained Condemnees' preliminary objections to the excessive taking and revested title to the landowners as of the date of condemnation. Condemnees maintain that the trial court's analysis is not altered merely because less than 100 percent of the condemnation was finally terminated. The Court agrees inasmuch as the trial court's order sustaining Condemnees' preliminary objections and revesting title in Con-

demnees had the effect of ending Condemnees' claim that all of the Department's taking was unnecessary. That order was affirmed by this Court. Also citing well-established principles of statutory construction, Condemnees contend that Section 408 is ambiguous and subject to varying interpretations and that, in such event, it was for the trial court to provide the most logical and rational interpretation, which it did.

Citing, among others, *Reinbold, In re Franklin Street* and *Hughes v. Commonwealth, Department of Transportation,* 514 Pa. 300, 523 A.2d 747 (1987), Condemnees argue that despite specific statutory provisions a court may award certain expenses or compensation as a part of just compensation under Sections 408 and 609 of the Eminent Domain Code so that the landowner may be made whole. Concerning specific items of damages, Condemnees contend that but for the excess taking Airco, Inc. would have remained as a tenant and would have made the planned building renovations and paid rent, taxes and insurance premiums. Moreover, Condemnees argue, and accurately so, that they were compelled to defend the Department's Supreme Court appeal and that since they ultimately prevailed on the merits, they were the winning parties under the circumstances, and they are, therefore, entitled to attorney's fees incurred in defense of the appeal. *See Morris v. Peckyno,* 207 Pa.Super. 217, 217 A.2d 784 (1966).

### III.

■ The Court initially concludes that the trial court erred in awarding Condemnees damages, costs and expenses under just compensation requirements. When determining statutory costs and expenses to be awarded a condemnee, the trial court may not apply just compensation requirements. *Dohany v. Rogers,* 281 U.S. 362, 50 S.Ct. 299, 74 L.Ed. 904 (1930). In *Dohany* the Supreme Court expressly held that reimbursable costs or expenses are allowed by statute only and that attorney's fees and expenses are not included or embraced within just compensation for land taken for eminent domain purposes. The fundamental principle underlying the constitutional requirement of

just compensation is one of indemnity, and the fair-market value of the property immediately before and after the taking is the customary measure of determining just compensation, whether in de jure or de facto takings. *Chester Township v. Commonwealth, Department of Transportation*, 495 Pa. 369, 433 A.2d 1353 (1981); *Berk v. Commonwealth, Department of Transportation*, 168 Pa.Cmwlth. 560, 651 A.2d 195 (1994), *appeal denied*, 541 Pa. 628, 661 A.2d 875 (1995).

An examination of the current version of Section 408 demonstrates that it is clear and free from ambiguity. Its language speaks in specific terms of "appraisal, attorney and engineering fees and other costs and expenses actually incurred"; it does not speak in terms of "general damages" that may be sustained by a condemnee or provide that a condemnee must be made whole. *Pothos v. Urban Redevelopment Auth.*, 30 Pa.Cmwlth. 372, 374 A.2d 96 (1977). Black's Law Dictionary 346 (6th ed.1990) defines the word "costs" in relevant part as "[a] pecuniary allowance, made to the successful party (and recoverable from the losing party), for his [her] expenses in prosecuting or defending an action or a distinct proceeding within an action." It also defines "expense" in part as "[t]hat which is expended, laid out or consumed. An outlay; charge; cost; price." *Id.* at 577.

■ Condemnees were entitled only to those costs and expenses actually incurred by them due to the Department's condemnation. They were not entitled to an award for speculative damages, loss or injury or for any other category of damages not expressly provided by statute. *Commonwealth, Department of Transportation v. Epley Land Co.*, 16 Pa.Cmwlth. 508, 328 A.2d 913 (1974). Nor were Condemnees entitled to loss rentals under the reasoning articulated in *Berk*, where the Court rejected the owner's claim for loss rentals under the circumstances there and emphasized that the fair-market value of property is the only measure of just compensation. Finally, in *White* the Court reiterated well-established case law that de-

lay compensation is recoverable only for delay in paying the value of condemned property, and, in particular, delay compensation is not recoverable on unpaid attorney's fees.

■ The Court's review in eminent domain cases is limited to determining whether the trial court abused its discretion or committed an error of law. *Harborcreek Township v. Ring*, 131 Pa.Cmwlth. 502, 570 A.2d 1367, *appeal denied*, 525 Pa. 629, 578 A.2d 416 (1990). It is evident from the Court's review that the trial court misconstrued Section 408 of the Eminent Domain Code when it determined that all damages sustained by Condemnees were recoverable, and it also erred in determining Condemnees' claims under just compensation requirements. The trial court awarded sums for loss rentals and for interest on the various claims allowed; these items, however, do not fall within the categories permitted by Section 408, and, as a result, they are not recoverable in a Section 408 action.

The Court concludes, nonetheless, that the other sums awarded for attorney's fees, post-principal-litigation attorney's fees, court costs and expenses, taxes, insurance premiums and costs of improvements fit within the applicable statutory framework, and they represent costs and expenses found by the trial court to have been actually incurred due to the condemnation. The Department conceded that it was liable for a portion of the real estate taxes, and it has advanced no persuasive authority or argument for its contention that these latter items are not recoverable as other costs and expenses under Section 408. Thus the trial court did not err in granting an award for these latter costs and expenses. The Court also notes that Condemnees are entitled to recover any and all additional attorney's fees actually incurred by them due to the condemnation up to the date that this matter is finally ended, including those fees attributable to Condemnees' defense of the Department's Supreme Court appeal, to the recovery of Condemnees' Section 408 claims and to their defense of the Department's contest to the attorney's fee claims.[4]

---

4. *See Morris; Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (the extent of a party's success is the most critical factor in determining a proper award for attorney's fees).

For the foregoing reasons, the trial court's order is reversed as to the award for loss rentals and interest. The order is affirmed as to all other sums awarded for appraisal, attorney's and architectural fees stipulated to by counsel and for post-principal-litigation attorney's fees, court costs and expenses, real estate taxes, Airco, Inc. litigation expenses, insurance premiums and improvements and repairs to the condemned property. The case is otherwise remanded to the trial court to adjudicate the final attorney's fees due Condemnees in their defense of the Department's Supreme Court appeal, in prosecuting their Section 408 claims and in defending the Department's contest to the attorney's fee claim, or the trial court shall enter of record any stipulation of counsel resolving this claim pursuant to paragraph 25 of counsel's August 1995 Stipulation.

#### ORDER

AND NOW, this 24th day of February, 1998, the order of the Court of Common Pleas of Allegheny County is reversed as to the award for loss rentals and interest, and the order is affirmed as to the award for appraisal, attorney's and architectural fees stipulated to by counsel and for post-principal-litigation attorney's fees, court costs and expenses, real estate taxes, Airco, Inc. litigation expenses, insurance premiums and improvements to the condemned property. The case is remanded to the trial court to adjudicate the final attorney's fees due Condemnees consistent with the foregoing opinion.

Jurisdiction relinquished.

*Also see Florida Rock Industries, Inc. v. United States,* 23 Cl.Ct. 653 (1991) (interpreting 42 U.S.C. § 4654 attorney's fee provision upon which the current version of Section 408 is premised and holding that plaintiff was entitled to reasonable attorney's fees and expenses for trial litigation where it ultimately prevailed on the merits having won on remand, for preparation of application for attorney fees and expenses and for litigation of issues in appellate proceedings).